**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY 0 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ryan Poullard # 06429-078          )
(Shangowande Orunmila)             )
POB 26020                          )
v. Beaumont, TX 77720-6020         )
                                   )
FEDERAL BUREAU OF PRISONS          )

Case: 1:07-cv-00836
Assigned To : Bates, John D.
Assign. Date : 05/07/2007
Description: PRO SE GEN. CIVIL

## Preliminary Statement

1.  This case raises issues of first impression for the court which pertain to blatant and malicious Constitutional violations.  The plaintiff is not an attorney and the issues presented herein are complex.  For that reason, plaintiff respectfully requests that the court consider appointment of counsel under local Civil Rule 83.11 in order to ensure the proper presentment of his claim.

## Jurisdiction

2.  This court has jurisdiction over this action under 28 U.S.C. § 1331.

## Venue

3.  Venue is appropriate in the District Court for the District of Columbia by virtue of the provisions of 28 U.S.C. 1391 (e).

## Parties

4.  Plaintiff's mailing address is: Ryan Poullard a/k/a Shangowande Orunmila # 06429-078, P.O. Box 26020 Beaumont, TX 77720-6020.

5.  Defendant Federal Bureau of Prisons' ("BOP") mailing address is: 320 First St. N.W. Washington, DC 20534.

## COUNT ONE

6.  On September 24, 2004, plaintiff's religion was approved in accordance with New and Unfamiliar Religious procedure by the Bureau of Prisons under its proper name Ifa Religion.  See Exhibit A.  Since this approval the Bureau of Prisons has insolently "renamed" plaintiff's religion in an attempt to force it into a "Religious category" that is already established within the federal prison system.

RECEIVED

APR 13 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The terms Yoruba/Santeria, General Yoruban Program, Yoruba/Ifa, and Yoruba are being used by the Bureau of Prisons on chapel schedules, faith group lockers, and documents related to plaintiff's religion. Other faith groups are respected and addressed by their proper names but the Bureau of Prisons has treated plaintiff's religion with disgust and disdain. Plaintiff's attempts to resolve this matter have been ignored and/or scoffed at. See Exhibit B. This ongoing disparagment of plaintiff's religion violates his constitutionally protected religious freedoms and it evidences a campaign of religious discrimination on the part of the defendant.

7.  On July 19, 2006, plaintiff was transferred from his living quarters in a dormitory type setting in general population, to a locked-cell wherein plaintiff was locked-up 23 hours on week days and 24 on weekends. A falsified incident report and two false memorandums provoked this transfer. Plaintiff was placed on commissary and phone restrictions for 90 days and an infraction was added to plaintiff's chronological disciplinary record. Plaintiff appealed this unlawful use of Bureau disciplinary machinery to both the regional and central offices. Both appeals were denied. See Exhibits C and D.

8.  The incident report in question states that "...Counselor Gibbs assisted me by opening inmate Poullard's locker. Upon opening the locker a foul smell came out of inmate Poullard's locker. Upon the opening of the locker I (Counselor L. Mello) discovered several food items that were in decomposing state." See Exhibit E. Counselor Gibbs' supporting memorandum, on the other hand, completely contradicts the reporting officer's claims. He states, "I then opened up inmate Poullard's locker at which was found on the bottom left side of the locker numerous items. Some of the items were cookies, sugar cubes, smoked oysters and various other items that were not sealed in a container or wrapper." See Exhibit F.

9.  As the officer who opened plaintiff's locker, Counselor Gibbs would have

-2-

been the first person to notice, or come into contact with any "foul smell"
emanating from plaintiff's locker. He did not notice any "foul smell" nor did
he discover any "food items that were in decomposing state." Case Manager
Merendino, who also prepared a supporting memorandum, did not notice any "foul
smell" or "food items that were in decomposing state." See Exhibit G.

10. At 2:30 PM on 7/19/06, when Merendino and Gibbs arrived at cube 51, plaintiff
was not in the housing unit. Both Merendino and Gibbs had been asked by the
reporting officer to examine plaintiff's cubicle. While the reporting officer
did not notice any books on the upper bunk, both Merendino and Gibbs observed
"books stacked up on top of the upper bunk." See Exhibits E, F, and G.

11. This huge stack of books, that was not on plaintiff's bunk at approximately
10:30 AM when the reporting officer conducted his rounds, is alleged to have
appeared at approximately 2:30 PM while plaintiff was out of the housing unit.
Each bunk is equipped with pillow, mattress, and blankets. Since plaintiff's
bed and the making of his bed is not mentioned in the incident report or supporting
memorandums, these descriptions prove that plaintiff's bed was made in accordance
with policy and unit standards. See Exhibit H. Plaintiff's bed was neatly
made, as he had left it, when he was called back to the housing unit and this
stack of books was not on his bunk.

12. In the photograph of plaintiff's bunk there is no mattress, there is no
pillow, and there are no blankets. See Exhibit I. As stated in both Incident
Report Supporting Memorandums, "Inmate Cortez, who also lives inside this cubicle,
identified that all of the books and papers belonged to inmate Poullard."
However, the name "Cortez" is partially visible on one of the books that allegedly
"belonged to inmate Poullard." See Exhibit J. All of these photographs were
taken after the plaintiff had been escorted to the Lieutenant's office.

13. While confined in S.H.U. for these trumped up charges, plaintiff requested
copies of all photos in accordance with the Freedom of Information Act but the

central office did not acknowledge this request. See Exhibit K. Xerox copies of these photos were attached to plaintiff's DHO report, and although they are somewhat helpful, color or high quality copies are needed for a more thorough examination of the evidence.

14. In the long overdue denials of plaintiff's regional and central office appeals, the Bureau of Prisons asserts that plaintiff was in possession of contraband books from the chapel. This is utterly false. On August 8, 2006, plaintiff requested information from the institution's chaplain regarding these charges and the chaplain's response disproves these "contraband books" allegations. See Exhibit L.

15. P.S. 5580.07 page 2, section 3, ¶ (b) states that "Contraband items found in the possession of inmates or in inmate living or work areas **will be properly identified, processed, and discarded.**" (emphasis added) The Bureau of Prisons, in its responses to plaintiff's regional and central office appeals, asserts that the plaintiff was in "possession of several books belonging to other inmates." Fifty books were confiscated as contraband and the plaintiff established ownership of all fifty books on August 18, 2006. See Exhibit M. None of the "other inmates" were identified and contraband, according to the aforementioned policy, is to be discarded. Since all of these books were returned to the plaintiff, they are not, and were never contraband.

16. C.F.R. § 553.12 states that "**Items possessed by an inmate ordinarily are not considered to be contraband if** the inmate was authorized to retain the item upon admission to the institution, **the item was issued by authorized staff,** purchased by the inmate from the commissary, or purchased or **received through approved channels** (to include approved for receipt by an authorized staff member **or authorized by institution guidelines**)." (emphasis added) The Bureau of Prisons asserts in its responses to plaintiff's appeals that the Technical Manual for Religious Services found in his possession was contraband, but as stated

-4-

in plaintiff's DHO report, this Manual was fowarded to the plaintiff via standard institution mail. See Exhibit N.

17. Plaintiff was not aware that said Technical Manual was contraband, and had he known this, plaintiff would not have asked that it be mailed into the institution. Nevertheless, standard institution mail is an approved channel and this channel is "authorized by insitution guidelines." Mail room staff is responsible for inspecting incoming mail for contraband and once mail is inspected it is then "issued by authorized staff." The Bureau of Prisons issued the Technical Manual in question to the plaintiff at "mail call." Now, after having given this Manual to the plaintiff, the defendant has charged and punished the plaintiff for possessing an item that was issued to him through an approved channel "by authorized staff." These charges and punishment are therefore malicious and unlawful.

18. In its central office response to plaintiff's appeal the defendant states that "Each of your (plaintiff's) Due Process rights were upheld during the discipline process." This is a barefaced lie. Plaintiff, since his transfer from Oakdale FCI in 1998, has maintained constant phone contact with his mother and father who live in Beaumont, Texas. Plaintiff has often called his parents on a near daily basis for weeks, and occasionally, months at a time. Although both of the plaintiff's appeals were initially ignored by the defendant, plaintiff's sanctions were not lifted until November 7, 2006, one day before the 90 day term of punishment expired. See Exhibit O.

19. By definition, due process is the just and proper method of operation in a procedure or proceeding. Plaintiff's regional appeal was received at the regional office on August 24, 2006, and on 9/18/06 the mandatory response date for this appeal was extended to October 23, 2006. The regional office did not respond to plaintiff's appeal within the time frames established by the Code of Federal Regulations, or its own notice of extension, and the defendant refused to lift plaintiff's sanctions as requested in this appeal. See Exhibit C and D.

20. Plaintiff's central office appeal was received at the central office on October 31, 2006, and on 12/7/06 the mandatory response date for this appeal was extended to December 30, 2006.  See Exhibit P.  The central office did not respond to plaintiff's appeal within the time frames established by the Code of Federal Regulations, or its own notice of extension, and the defendant imposed sanctions without permitting the plaintiff to appeal.  When the defendant did respond (in January 2007), plaintiff had already completed the entire term of unjust punishment with the exception of one day.  Plaintiff was denied community and family contact, via telephone use, for 89 days and the defendant showed no consideration for his due process rights.

21. As a direct and proximate result of the acts of the defendant the plaintiff lost his natural rest and sleep, suffered pain and emotional trauma, depression, humiliation, anxiety and apprehension, and was made to feel that his sincerely held religious beliefs were inferior to the religious beliefs of others.

22. Deliberately discriminating against a prisoner because of his religious or ethnic attributes or giving a prisoner additional punishment without due process are acts which the Bureau of Prisons knew or should have known, are constitutional violations.  Bivens v. Six unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

### COUNT TWO

23. As evident by the allegations in paragraphs 6-22 of this complaint, the defendant has knowingly, willfully, and maliciously disparaged plaintiff's religion and has imposed wrongful additional punishment upon the plaintiff without due process. Because of this, plaintiff's constitutional rights have, and continue to be violated.

### Relief Requested

24. Plaintiff, as a direct and proximate result of the defendant, as aforesaid, has been damaged in the amount of $ 22 million dollars.

Plaintiff further seeks costs, attorney's fees, and any further relief that the court shall deem just and proper.

**Verification**

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746. Signed this 6th day of March, 2007.

Respectfully submitted,

Ryan Poullard # 06429-078
(Shangowande Orunmila)
P.O. Box 26020
Beaumont, TX 77720-6020

-7-

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| | |
|---|---|
| **I (a) PLAINTIFFS** | **DEFENDANTS** |

Ryan Poullard

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

#06429-078

BOP

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TR...

AT    Case: 1:07-cv-00836
Assigned To : Bates, John D.
Assign. Date : 05/07/2007
Description: PRO SE GEN. CIVIL

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☐ 3 Federal Question
   (U.S. Government Not a Party)

☒ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other)  OR  ☒ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

O

| ☐ **G.** *Habeas Corpus/* *2255* <br><br>☐ 530 Habeas Corpus-General <br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment* *Discrimination* <br><br>☐ 442 Civil Rights-Employment <br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY* *ACT* <br><br>☐ 895 Freedom of Information Act <br>☐ 890 Other Statutory Actions (if Privacy Act) <br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan* <br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA* *(non-employment)* <br><br>☐ 710 Fair Labor Standards Act <br>☐ 720 Labor/Mgmt. Relations <br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br>☐ 740 Labor Railway Act <br>☐ 790 Other Labor Litigation <br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights* *(non-employment)* <br><br>☐ 441 Voting (if not Voting Rights Act) <br>☐ 443 Housing/Accommodations <br>☐ 444 Welfare <br>☐ 440 Other Civil Rights <br>☐ 445 American w/Disabilities-Employment <br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract* <br><br>☐ 110 Insurance <br>☐ 120 Marine <br>☐ 130 Miller Act <br>☐ 140 Negotiable Instrument <br>☐ 150 Recovery of Overpayment & Enforcement of Judgment <br>☐ 153 Recovery of Overpayment of Veteran's Benefits <br>☐ 160 Stockholder's Suits <br>☐ 190 Other Contracts <br>☐ 195 Contract Product Liability <br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court* <br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS  ☐  ACTION UNDER F.R.C.P. 23   **DEMAND $** 0   Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE   SIGNATURE OF ATTORNEY OF RECORD   NCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms/js-44.wpd

Exhibit A



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

September 24, 2004

Mr. Ryan Poullard
Reg. No. 06429-078
P.O. Box 26020
Beaumont, Texas 77720-6020

Dear Mr. Poullard,

We have reviewed your request to introduce "Ifa" at FCI Beaumont
(Low).  After a thorough evaluation of your documentation, we
have approved your request.  The Warden may make local decisions
regarding the specific request of this group, taking into
consideration Bureau policy, supervision capabilities, security
interest, and the safe and orderly running of the institution.

Sincerely,

Matt Harness
Regional Chaplaincy Administrator


cc:  R. Childress, Warden
     FCI Beaumont (Low)

Exhibit B

BP S148.055  **INMATE REQUEST TO STAFF MEMBER**    CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | Date: |
|---|---|
| **Mack Praytor   Supervisory Chaplain** | **11/22/05 (43 A.D.)** |
| From:   **Shangowande Orisha-nla** | Register Number: |
| **Ryan Poullard** | **06429-078** |
| Work Assignment: | Unit: |
| **Safety** | **SA** |

**SUBJECT:** Briefly state your question or concern and the solution you are requesting. Continue on the back if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Please provide me with the name of the staff member directly responsible for the "Yoruba/Santeria" and "General Yoruban Program" misnomers that were placed upon the Ifa faith group. Also, please include the address at which said staff member's official duties are performed.

Thank you for your assistance.

(Do No Write Below This Line)

DISPOSITION:

What?

Signature Staff Member:                    Date: 11/28/05

BP 'S148.055
SEP 98

# INMATE REQUEST TO STAFF MEMBER

CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | Date: 1rst Submittal        2nd Submittal |
|---|---|
| **Mack Praytor  Supervisory Chaplain** | 11/22/05 (43 A.D.)  11/30/05 (43 A.D.) |
| From:  Shangowande Orisha-nla | Register Number: |
| Ryan Poullard | 06429-078 |
| Work Assignment: | Unit: |
| **Safety** | SA |

SUBJECT:  Briefly state your question or concern and the solution you are requesting.  Continue on the back if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Please provide me with the name of the staff member directly responsible for the "Yoruba/Santeria" and "General Yoruban Program" misnomers that were placed upon the Ifa faith group.  Also, please include the address at which said staff member's official duties are performed.

Thank you for your assistance.

(Do No Write Below This Line)

DISPOSITION:    What Are you Asking for ?

| Signature Staff Member: | Date: |
|---|---|
|  | 12/5/05 |

Record Copy—File; Copy— Inmate (This Form May Be Replicated Via WP)    This Form Replaces BP-148.070 Dated Oct 86 And BP-S148.070 Apr 94

Submitted on this _19_ day of January, 2007

BMC 1330.13
[date]
Attachment, A

Deputy Warden Quintana

DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

                        Shangowande Orunmila
Inmates Name:_____ Ryan Poullard _____  Reg. No._06429-078_____ Unit,_SA_

Specific Complaint and Requested Relief:_My New and Unfamiliar Religious_
Components submittal plainly stated that the name of my religion is "Ifa."  On September
24, 2004, my religion, "Ifa," was approved for introduction at FCI Beaumont (Low). See
Attachment.  The Regional Chaplaincy Administrator's approval letter did not mention Yoruba,
Yoruban/Santeria or General Yoruban Program, only "Ifa."  However, my faith group has
been continually referred to, and labeled as, everything but "Ifa."  These intentional
misnomers are offensive, discriminatory, and completely unacceptable.  This informal
resolution attempt will serve as legal notice.  Should any of your subordinates at this
institution use any name other than "Ifa" when addressing, or making reference to my
religion, both you, the CEO of this institution, and said staff member will be personally
liable in civil action.  Please address any concerns in your response.


Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)




    Counselor's Comments:_____






C_____ Counselor's Review/Date        Unit Manager's Review / Date

Submitted on this __19ᵗʰ__ day of January, 2007.

BMC 1330.13
[date]
Attachment, A

<u>Chaplain Watanabe</u>

<u>DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT</u>

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy</u>
<u>Program</u>,(Dec. 22, 1995), requires, in most cases, that inmates attempt
informal resolution of grievances prior to filing a formal complaint.
This form shall be used to document your efforts towards informally
resolving your grievance.

Inmates Name: _Ryan Poullard_ Shangowande Orunmila     Reg. No._06429-078_____ Unit,_SA_

Specific Complaint and Requested Relief:_ On September 24, 2004, my religion,
"Ifa," was approved for introduction at FCI Beaumont (Low). See Attachment.  My New and
Unfamiliar Religious Components submittal plainly stated that the name of my religion is
"Ifa."  The Regional Chaplaincy Administrator's approval letter did not mention Yoruba,
Yoruban/Santeria or General Yoruban Program, only "Ifa."  However, the chapel locker for
my faith group bears a Yoruba label.  The current chapel schedule lists my faith group
as General Yoruban Program.  The Catholic faith group is not listed as General Roman
Program, nor does its locker bear a Roman label.  We are the only faith group that has
been intentionally misnomered.  This is an offensive, discriminatory & racist gesture that
will not be tolerated any longer.  Change the label on our chapel locker and our listing
on the current chapel schedule to Ifa immediately.  If it will not be changed immediately
as requested herein, provide me with the name, title, and work address of the staff
member(s) directly responsible for this disparaging misnomer.

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

_____

_____

_____

_____

_____

Counselor's Comments:_____

_____

_____

_____

_____

_____

_____

Exhibit C

POULLARD, Ryan                REG. NO. 06429-078    RECEIPTED: 8/24/06

CASE NO. 425337-R1            PART B - RESPONSE

You are appealing the Discipline Hearing Officer (DHO) action of 8/08/06, for Code 305, Possession of Anything not Authorized, and Code 330, Being Unsanitary or Untidy.

The record of this disciplinary action reflects you were advised of your rights and afforded the opportunity to exercise those rights in accordance with Program Statement 5270.07, Inmate Discipline and Special Housing Units.  After thorough review of the incident report, the investigation, the evidence and related documentation, there appears to be sufficient evidence presented to support the DHO's decision.

This incident involved the DHO finding you possessed contraband books, a Technical Manual for Religious Services, and finding you Being Unsanitary or Untidy.  Specifically, on 7/19/06, the reporting officer discovered you in possession of several books belonging to other inmates, books from the Chapel, a SENTRY Technical Manual for Religious Services, as well as decomposing food items with a foul odor in your locker.  The reporting officer attempted to resolve the incident informally, which you refused.  The DHO took into account your statement, and considered all the facts and evidence at the DHO hearing to make the determination the greater weight of evidence indicated you did commit the prohibited acts.

The sanctions imposed are within policy and commensurate with the finding you committed the prohibited acts in the Moderate severity category.  You provide no new evidence that has not been previously considered.

Therefore, your request for relief at the Regional level is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, NW, Washington, D.C. 20534.  Your appeal must be received in that office within 30 days from the date of this response.

_1/23/07_
Date

_G. Maldonado, Jr._
Regional Director

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __**Shangowande Orisha-nla**__
**a/k/a  Poullard, Ryan E.**    06429-078    SA    FCC Beaumont Low

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**    On 8/8/06, after hearing incident report #1491830, the DHO found that I "committed the prohibited act of Code 305, Possessing unauthorized items and Code 300, Being unsanitary." In section III of the Discipline Hearing Officer Report the DHO stated that photographs were relied upon as evidence and that these photos indicated "the disarray of the area in question <u>to include your locker</u>." The DHO in section VII of this report also states that "possessing unathorized items and being unsanitary will not be tolerated in the correctional environment. It can have extremely serious repercussions for both staff and inmates, since it tends to result in further disruptive <u>and violent behavior</u>. The sanction of loss of commissary and telephone for 90 days (each) are imposed as an immediate sanction to show you this type of offense is of a serious nature and merits serious sanctions." It is impossible for me to describe how insulting these words are. Nearly two years ago (9/24/04) my religion, Ifa, was approved by the South Central Regional office's Chaplaincy

__8/17/06__
DATE                                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: **425337-R1**

**Part C—RECEIPT**
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL                REG. NO.        UNIT        INSTITUTION

REGIONAL DIRECTOR

Administrator.  During the month of October 2004 I made two separate attempts (Remedy ID numbers 354786-F1 and 355510-F1) to request "that all materials and accommodations listed in my New and Unfamiliar Religious Components submittal be made available to the Beaumont Low Ifa community immediately," but these requests were rejected and the issues raised in them were ignored.  I had been harassed by several staff members, on several occasions, for having religious shrines (offerings included) in my locker.  On or about 10/21/04 I submitted a Regional appeal package to my unit Counselor and completed the requisite package form.  This appeal package was held by institution staff for more than two entire months before being forwarded and was subsequently rejected by the Regional Office for being untimely (Remedy ID 354786-R1).  I appealed to the Central Office but this appeal (Remedy ID 354786-A) was also rejected and the issues raised therein were completely ignored.  During the month of August 2005, the Religious Services Department issued a "Memorandum for All Inmate Religious Groups." **See Attachment A.**  This memo instructed inmates to "take the time to review your group's needs for the upcoming fiscal year and type a list of materials by priority (the greatest need at the top of the list)."  Its closing line stated that "prompt attention in this matter will help ensure your community's religious needs are met in the months ahead."  In compliance with this memo, a purchase list for the Ifa community was submitted which clearly indicated that our "greatest need" was an outdoor Ifa lodge at which daily offerings and libations would be made.  **See Attachment B.**  Books were purchased in lieu of the outdoor Ifa lodge materials, and our prayer needs were ignored.  On 6/02/06 I submitted an 'Inmate Request' to Deputy Warden Quintana which addressed several religious needs, including worship materials. **See Attachment C.**  The kind and understanding Deputy Warden denied this request.  **See Attachment D.**  After being handcuffed, escorted and confined to the SHU, having a huge and embarrassing spectacle (photos taken in a housing unit full of nosy and insensitive inmates) made of my religious offerings, sleeping on the floor as the third man in a two man cell for 19 days, and having my religious beliefs questioned and ridiculed by the DHO, the over achieving Chaplain finally decided to tell me how he wants my offerings to be made.  **See Attachment E.**  This is absolutely unreal.  Ifa is not a "tidy religion" and that is why an outdoor Ifa lodge was included in my submittal.  I can not determine what is to be used as an offering (contraband excluded) and neither can the Chaplain, because these determinations are made via divination.  This matter was clearly addressed on page 4 of my Ifa New and Unfamiliar Religious Components submittal.  Furthermore, how can I use hard candies or sealed food items from Commissary if I don't have any money?  Should a believer who is placed on Commissary restrictions, like I am at present, be expected to stop praying until he can purchase an offering that is pleasing to the Chaplain?  I am too upset to continue and I only have one pen, so I have to use its ink wisely since it will be a while before I can buy another one.  Please lift these commissary and phone sanctions immediately, expunge these charges, and see to it that the outdoor Ifa lodge and other religious needs of my faith group are provided with all deliberate speed.

Thank you for your assistance.

**Attachment A**



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

**Federal Correctional Complex, Beaumont**          **Beaumont, Texas 77720**

August 25, 2005

MEMORANDUM FOR ALL INMATE RELIGIOUS GROUPS

FROM:          MACK PRAYTOR, SUPERVISORY CHAPLAIN

SUBJECT:          Purchases for FY 2006

The Religious Services Department is requesting each religious community to present their requests for books, videos, and other community religious material for FY 2006. Please take the time to review your group's needs for the upcoming fiscal year and type a list of materials by priority (the greatest need at the top of the list). Handwritten lists will not be accepted. This list must be completed and turned in to the Chaplain no later than Monday, October 17, 2005.

While preparing the list keep the following in mind:

1. The list you submit is ONLY A RECOMMENDATION. The Chaplain makes the final determination of what is purchased for the department. Therefore, just because you request something doesn't mean it will be purchased.

2. Due to the recently developed Standard Operating Procedures, materials must be considered religious in nature. These materials will not contain profanity; descrimination based on gender, race or religion; or contain language which may be interpreted as a threat to the safety, security or orderly running of the institution.

3. The Chaplain has the responsibility to manage the budget equitably among the numerous religious groups.

4. Additional lists will not be accepted after October 17, 2005. Any list submitted after October 17 will be returned.

5. Lists that are not typed will be returned.

Thank you for taking the time to assist in this request. Your prompt attention in this matter will help ensure your community's religious needs are met in the months ahead.

cc: AW(C)
    File

**Attachment B**

## FY 2006 Purchase List

## for

## The Ifa Community

| Item/Title | Author/Musician | Vendor # |
|---|---|---|
| 1 Sacred objects and representations for outdoor (Ifa lodge) shrines. [Shango, Egun (Ancestors),Olokun, Ogun, Oshun, Ibeji, Shopona (Babaluaiye), Yemowo (Yemoja), Orisha-nla (Obatala), Oya, Eshu (Real Eshu Yangi's), Orunmila, and Oduduwa]. | | 2 |
| 2 Orisha carvings and sacred representations for chapel shrines. [Same as above]. | | 2 |
| 3 Consecrated drums (talking drums included). | | 2 |
| 4 Beaded calabashes. | | 2 |
| 5 Gongs. | | 2 |
| 6 White candles. | | 2 |
| 7 Consecrated Black Soap. | | 2 |
| 8 Congregational Obi Divination Implements (Straw casting tray included). | | 2 |
| 9 Containers (cups or small dishes) for water to be used in chapel meetings. | | – |
| "Ifism: The complete Works of Orunmila" (All Volumes). | C. Osamaro Ibie | 1 |
| "The Sacred Ifa Oracle" | Afolabi A. Epega & Phillip Neimark | 1 |
| Materials for Offerings [Kolanuts (plain, bitter, & white), cowrie shells, Red Parrot feathers, Peacock feathers, Loose Beads & fishing line or suitable substitute for stringing beads]. | | 2 |
| Traditional straw prayer mats. | | 2 |
| Pillows for meditation and divination. | | – |
| Incense [Myrrh, Sweet Almond, Frankincense (olibanum), Rose, Lavender, Jasmine, Sage, Lotus, Cedarwood, Honeysuckle, Cinnamon, Lily of the Valley, Jasmine, Spearmint, & Sandalwood]. | | – |
| "Yoruba: Mo On Ko, Mo On Ka; Know how to Write It, Know how to Read It." | Adebusola Onabajo Onayemi | 3 |
| Egbe Omo Anago Series- Orisha Obatala Parts 1&2 " Orisha Oshun Parts 1&2 " Orisha Shango Parts 1&2 " Orisha Ogun | Cassettes | 1 |
| CD- Festival of Deities | Chief Bolu Fatunmise | 1 |

| Item/Title | Author/Musician | Vendor # |
|---|---|---|
| "African Drumming" (Video) | Babatunde Olatunji | 5 |
| "Yoruba Modern Practical Dictionary: Yoruba-English; English-Yoruba." | J. Fakinlede | 4 |
| "Kalani: African Beats" | Video | 5 |

## Vendors

#1– Yoruba Book Center
610 New York Ave.
Brooklyn, NY 11203
Tel: (718) 774-5800
Fax: (718) 467-0099
Email:
atheliahenriettapress@yahoo.com

#2– Ile Awise Ifa
4321 Cardinal Drive
Dallas, Tx 75216
Tel: (214) 372-3754
     (214) 372-3637

#3– Bis Bus International
40 Alana Drive
Barrie, Ontario
L4N 7K8 CANADA
Tel: (705) 728-1697
Tel/Voice Mail/Fax: (705) 728-0980
Email: info@learnyoruba.com
Web site: www.learnyorub.com

#4– Barnes & Noble

#5– Warner Bros. Publications
15800 NW 48th Avenue
Miami, Florida 33014
Tel: 1-800-327-7643
     (305) 620-1500
Fax: (305) 621-4869
Email:
wbpsales@warnerchappell.com

Attachment C

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 93
**U.S. DEPARTMENT OF JUSTICE**                                **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>**Deputy Warden Quintana** | DATE:<br>**6/02/06 (43 A.D.)** |
|---|---|
| FROM:  **Shangowande Orisha-nla**<br>Ryan Poullard | REGISTER NO.:<br>**06429-078** |
| WORK ASSIGNMENT:<br>**SA Unit Orderly** | UNIT:<br>**SA** |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am a devotee of Ifa, an officially approved faith group that was authorized for introduction at this facility well over a year ago. However, the materials, requisite accommodations, and the meeting of our fundamental religious needs have been totally neglected by institution staff. We are the only non-christian faith group that does not have its own locker for supplies and literature. The approved "New & Unfamiliar Religious Components" submittal stipulated two meetings per week, one for study/instruction and the other for prayer/meditation, but more than a year later this simple need has not been met. Worship materials were also included in this approved submittal, but more than a year later we have none. We are the only faith group in the Bureau of Prisons that is not allowed to celebrate its holy days, even though these holy days were officially approved via "New & Unfamiliar Religious Components" established procedure. In May 2006,

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



**Attachment D**

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

POULLARD, RYAN
Reg. No. 06429-078
Unit: SA

This is in response to your Inmate Request to Staff dated June 6, 2006, in which you state your religious needs are being neglected by staff. Additionally, you note your group does not have it's own locker for supplies and literature. Further you request two meetings per week instead of one, and  you claim worship materials have not been purchased for your group. Finally, you remark you are not allowed to celebrate your holy days. An investigation of your request reveals Ifa, your religion, has been approved to meet during the same time and space as other Yoruban-based religious groups. The Yoruban group has a locker and is labeled accordingly. There are several religious groups who meet once a week in the Chapel. On May 7, 2006, the General Yoruban group's time in the Chapel was doubled from one to two hours for the weekly scheduled meeting. Books and literature you have requested have been purchased. Other items will be forth coming as the budget allows.

Regarding your request to observe June 8 and 9, 2006, as days of work proscription to observe "Shopona," the chaplain requested you to provide documentation that your religion mandates these days off from work to observe work proscription. As of today's date, you have not provided sufficient documentation to confirm why you cannot work on the days you requested. Therefore, your request is denied.

_____                    6-13-06
Francisco J. Quintana, Deputy Warden          Date

**Attachment E**

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Chaplain Watanabe | 8/9/06 |
| FROM: Sàngòwándé Orisa-nla | REGISTER NO.: |
| Ryan Poullard | 06429-078 |
| WORK ASSIGNMENT: Unit Orderly | UNIT: SA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Since the institution has not provided my faith group's approved
outdoor Ifá lodge, I have had no choice but to place my daily prayer
offerings in my locker. Because I didn't have a chapel memo or
some sort of written permission to pray, I was written an incident
report and taken to the S.H.U. for having offerings in my locker. Please
give me some sort of written permission to use my locker as a substitute
for the approved outdoor Ifá lodge.

Thank you.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94

**TO: POULLARD, RYAN**                    **FCC BEAUMONT (Low)**
**Reg. No#. 06429-078**
**Unit: SA**

**SUBJECT: Offerings in your locker**

This is in response to your Inmate Request to Staff dated August 9, 2006 in which you request a memo granting permission to use your locker as an alter.

An investigation to your request reveals we are not forbidding the use of the locker as an alter or shrine for your religion.  However; it is never permissable to keep spoiled or rotten food in the locker.  As an alternative, use hard candies or sealed food items from Commissary.  If the food begins to spoil, dispose of it in a timely manner.  A memo circumventing hygenic policies cannot be issued from this office.

Thank You,

James Watanabe, Chaplain

Where in my request did I ask for a memo circumventing hygenic policies?

Exhibit D

**Administrative Remedy Number 425337-A1**
**Part B - Response**


You appeal the August 8, 2006, decision of the Discipline
Hearing Officer (DHO) regarding incident report #1491830, in
which you were found to have committed the prohibited act of
Possession of Anything Not Authorized, Code 305 and Being
Unsanitary or Untidy, Code 330.  You request expungement of the
incident report.

Our review of your disciplinary proceedings indicates
substantial compliance with Program Statement 5270.07, <u>Inmate
Discipline and Special Housing Units</u>.  The DHO's decision was
based upon the greater weight of the evidence as detailed in
Section V of the DHO report.  We find it reasonable for the DHO
to have made this determination.  Records indicate you appeared
before the DHO, were advised of your rights, and made a
statement.  The DHO gave greater weight of the evidence to the
reporting officer's account of the incident.  Although you
dispute the charge, the evidence is sufficient to support the
finding.

On July 19, 2006, the reporting officer discovered you in
possession of several books belonging to other inmates, books
from the Chapel, a SENTRY Technical Manual for Religious
Services, as well as decomposing food items with a foul odor in
your locker.  The reporting officer attempted to resolve the
incident informally, which you refused.  We find the DHO met the
standards of fairness, impartiality, and burden of evidence on
witch to base the finding you committed the prohibited act as
charged.

Based on our review of the disciplinary record, we find the
required disciplinary procedures were substantially followed.
Each of your Due Process rights were upheld during the
discipline process.  The greater weight of the evidence supports
the DHO's decision, and the sanctions imposed were commensurate
to the severity level of the offense and in compliance with
policy.

Your appeal is denied.


_January 31, 2007_
Date

_for Helia Reis_
Harrell Watts, Administrator
National Inmate Appeals

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Shangowande Orunmila**
**a/k/a Poullard, Ryan E.**   06429-078   SA   FCC Beaumont Low
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**   On 8/24/06, my regional appeal of incident report # 1491830 was received at the Regional Office. On 9/18/06 the mandatory response date for this appeal was extended to 10/23/06. It is now 4:08 PM on this 24th day of October, 2006, and I have not received the requisite response. However, my phone and commissary accounts are still presently restricted. Please lift these sanctions immediately, remove these charges from my chronological disciplinary record, and see to it that the outdoor Ifa lodge and other religious needs of my faith group are provided with all deliberate speed.

Thank you for your assistance.

10/24/06
DATE                                           SIGNATURE OF REQUESTER

**Part B—RESPONSE**

# RECEIVED

OCT 3 1 2006

Administrative Remedy Section
Federal Bureau of Prisons

_____                 _____
DATE                                           GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C—RECEIPT**
                                              CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

Exhibit E

**INCIDENT REPORT**

14911830

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| 1. NAME OF INSTITUTION: **FCI BEAUMONT-LOW** |
|---|

## PART I - INCIDENT REPORT

| 2. NAME OF INMATE: Poullard, Ryan  Edward | 3. REGISTER NUMBER: 06429-078 | 4. DATE OF INCIDENT: 07-19-2006 | 5. TIME: 2:40  PM |
|---|---|---|---|

| 6. PLACE OF INCIDENT: UNIT SA | 7. ASSIGNMENT: ORDERLY UNIT  SA | 8. UNIT: s04-051u | |
|---|---|---|---|

| 9. INCIDENT:refusing to obey an order of any staff member<br>possession of anything not bauthorized<br>being unsanitary or untidy<br>stealing , including data/printouts from automated equipment<br>adulteration of any food or drink. | 10. CODE307/305/330/219/209 |
|---|---|

11. Description of Incident  (Date:07-19-2006 Time:10:30  AM    Staff became aware of incident)
At approximately 10:30 AM while conducting unit rounds I walked  in to cell S04-051U and I discovered several books and several stacks of what appeared to be personal papers. Knowing that this items posed both a safety and a security concerned , I ask inmate  Poullard # 06429-078 if this items belong to him? inmate Poullard acknowledge to being the owner of all the items that I pointed out to him in  cell s04-051u I than  explained to him that he needed to move all his personal papers and books to the units center storage , I also explained to him that cell 51-u is a handicap cell and that the room was getting to crowded due to three inmates being housed in that cell and one of the inmates is a paraplegic person. Inmate Poullard stated to me that he was tired of being told about his property, inmate further stated that he needed to have all this items in his cell  due to his ongoing legal battle with the BOP and that all his books were all religious materials.

At 2:40 PM After several attempts to informally resolve the problem , Inmate Poullard became verbally aggressive and became  more defiant to move his personal property to the storage room. Inmate Poullard  made the following statements I will not move this religious books or legal work , I need
an extra locker to put this items in this cell. During this time Counselor Gibbs assisted me by opening inmate's Poullard locker, Upon opening the locker a foul smell came out of  inmate Poullard 's  locker. Upon the opening of the locker I discovered several  food items that were in decomposing state . At this point Case Manager Merendino explained to inmate Poullard that he needed to remove all that wasted food items ,inmate Poullard stated that it was his religious offerings. I explained to him that  no special permission was given to him to place and store wasted food, I explained to him the safety and the sanitary problems that myself and Mr. Merendino had? At this point I ordered inmate Poullard to clean his entire area and to remove the wasted material and to place his personal papers and books to the center storage. Inmate Poullard refused by making the following statement " If you want me to clean my religious food offerings, send me to the hole" inmate Poullard was escorted to the Lieutenants office and was placed in the Special Housing Unit. During the inventory of the inmate Poullards property I discovered several books that belong to other inmates and to the FCILBeaumont Chapel. A Sentry Technical Manual for religious services was also found on his property. several copy's of his  staff request were  found with his name on them detailing sentry terminology.

| 12. SIGNATURE OF REPORTING EMPLOYEE: | TIME AND DATE 6:00PM / 07-19-2006 | 13. NAME AND TITLE (Printed): L.Mello, Counselor unit SA |
|---|---|---|

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED  7/20/06 | 16. TIME INCIDENT REPORT DELIVERED  25 |
|---|---|---|

## PART II - COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT: I did not refuse to remove books and papers. SCRO approved my ulinois which requires daily offerings they do not give adequate space so I had to keep it in my locker.

19 Based on eyewitness report and written version and statements of other witnesses.

| 18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU: | B. ✓  THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING |
|---|---|
| ____ COMMITTED THE FOLLOWING PROHIBITED ACT. | C. ____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS. |
| ____ DID NOT COMMIT A PROHIBITED ACT. | |

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION: Refer to DHO and recommend of dBalton GF, change of quarters, and commissary restriction.

21   07/21/06 at 2:30pm

Exhibit F



**U.S. Department of Justice**

*Federal Bureau of Prisons*

---

*Beaumont, Texas  77720*

07-19-2006

MEMORANDUM FOR  Incident Report Supporting Memo

FROM:              D. Gibbs, Correctional Counselor

SUBJECT:              Inmate Poullard #06429-078

Counselor Mello asked me and Case Manager Merendino to walk over to cube 51 in SA. When we arrived at cube 51, I observed numerous books and papers stacked up against the wall inside the cubicle. ~~There were books also stacked up on top bunk. This bunk is assigned to inmate Poullard #06429-078. These books and papers were identified by inmate Cortez, who also lives inside this cubicle, as to belonging to inmate Poullard.~~ Counselor Mello then contacted control center and requested that inmate Poullard return to the unit SA. ~~I then opened up inmate Poullard's locker at which was found on the bottom left side of the locker numerous items. Some of the items were cookies, sugar cubes, smoked oysters and various other items that were not sealed in a container or wrapper.~~ Inmate Poullard arrived and Counselor Mello asked inmate Poullard why he did not get rid of the books that he was asked to.  Inmate Poullard stated that he did not have enough room in his locker to place the items. Case Manger Merendino asked inmate Poullard as to why he did not have enough room in his locker. Inmate Poullard stated that his locker was used as his offering place. He then stated that the Bureau of Prisons had not provided him a place outside the housing unit to place his religious offerings and he was forced by the Bureau of Prisons to place the offerings inside his locker. Inmate Poullard was given a direct order by Counselor Mello  to clean his area up and put the books and papers away. Inmate Poullard stated if  you can just send me to special housing if you make me do that. Inmate Poullard continued to be defiant towards Counselor Mello by not following his orders to clean his cell.

Exhibit G



**U.S. Department of Justice**

*Federal Bureau of Prisons*

_____

*Beaumont, Texas  77720*

07-19-2006

MEMORANDUM FOR  Incident Report Supporting Memo

FROM:            S. Merendino

SUBJECT:         Inmate Poullard 06429-078

On 07-19-2006 at approximately 2:30 P.M., Counselor Mello asked me to walk over to Cube 51 in SA.  Upon arrival, I observed numerous books and papers stacked up against the wall inside the cubicle.  ~~Additionally, there were books stacked up on top of the upper bunk.  This bunk is assigned to inmate Poullard 06429-078.  Inmate Carter who also lives inside this cubicle, identified that all of the books and papers belonged to inmate Poullard.~~  Counselor Mello contacted control and requested that inmate Poullard return to the unit.  ~~Counselor Gibbs opened up inmate Poullard's locker.  On the bottom left side of the locker, there were numerous items laying on the bottom.  Some of the items were cookies, sugar cubes, smoked oysters and various other items that were not sealed in a container or wrapper.~~  Upon the arrival of inmate Poullard, Counselor Mello asked inmate Poullard why he had not put away the books that he was asked to do by Counselor Mello.  Inmate Poullard stated that he did not have enough room in his locker to place the items.  I asked inmate Poullard what the items were for in the bottom of his locker. and he replied that it was a religious offering for his religious beliefs.  He stated that the Bureau of Prisons had not provided him a place outside the housing unit to place his religious offerings and he was forced by the Bureau of Prisons to place the offerings inside his locker.  By placing these items inside his locker, it clearly is a sanitary issue inside the cubicle.  Counselor Mello attempted to counsel inmate Poullard but kept getting interrupted by inmate Poullard.  I informed inmate Poullard that he could not leave the books and papers laying out and the items needed to be placed inside his locker, and he replied that he would not be able to due to having to display his religious offerings inside his locker.  I informed inmate Poullard if he needed a place for his legal material that he would provide him a place in a secured area that he would have access to these materials and he replied that he did not want to do this because he has had staff steal his paperwork in the past.  Counselor Mello gave inmate Poullard a direct order to clean his area up and put the books and papers away and inmate Poullard stated if you are going to make me do that you can just send me to special housing.  Counselor Mello stated to inmate Poullard that going to special housing would not solve the problem.   Inmate Poullard continued to be defiant towards Counselor Mello, Counselor Gibbs, and me.  At this time, Counselor Mello and Counselor Gibbs escorted inmate Poullard to the Lieutenant's office.

Exhibit H





Exhibit I



Exhibit J



Exhibit K

To: Case Manager Garrison

Date: 7/30/06 (43 A.D.)

From: Sangowande Origa-ilu

Ryan Poullard

Reg#: 06429-078

Work
Assignment: Unit Orderly

Unit: 5A (currently in S.H.U.)

Subject:

In accordance with the "Freedom of Information Act" please provide me with copies of the "statements of other witnesses" mentioned in section 19 of incident report number 1491830 along with all other documents and/or photos that will be used against me in the upcoming DHO hearing. These copies will be absolutely necessary for the preparation of my defense.

Thank you for your assistance.

Disposition: Mr. Poullard, the incident report and all supporting documents were forwarded to the DHO. Accordingly, I do not have access to the items you have requested. Furthermore, any FOIA requests need to be made to the Central Office at the following address:

Director FBOP
FOIA/PA Request
320 First Street NW
Washington, DC. 20534

Signature of Staff Member:

Date: 8/1/06

Freedom of Information Request

August 6, 2006

Dear Sir,

Please provide me with copies of all written statements, photos, and documents that were used by FCI Beaumont-Low staff members to support the acts alleged in FBOP Incident Report # 1491230. This incident report was written by Correctional Counselor L. Mello at 6:00 PM on 7/19/06, delivered to myself on 7/20/06, referred to the DHO by the UDC at 2:20 PM on 7/21/06 and is presently in the possession of the DHO assigned to Beaumont's Federal Correctional Complex. To refute these allegations, and prepare appeals (if applicable) these copies will be an absolute necessity.

Thank you for your assistance,

Sangowande Origbimd
a/k/a Ryan Poullard

Exhibit L

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP '98

**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Chaplain Watanabe | DATE: 8/8/06 |
|---|---|
| FROM: Sangowande Orisa-nla Ryan Poullard | REGISTER NO.: 06429-078 |
| WORK ASSIGNMENT: Unit Orderly | UNIT: SA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

If the chapel prepared a stolen or delinquent book list since you have been assigned to the low security institution, please provide me with a copy, ~~the names on~~ Also, were any books stolen from or reported as missing from my faith group's locker

Thank you.

(Do not write below this line)

DISPOSITION:

1. ~~-------------~~

2. ~~-------------~~

| / Signature Staff Member | Date 8/8/06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

Exhibit M

U.S. Department of Justice

Federal Bureau of Prisons

**Confiscation and Disposition of Contraband**

_L. Mello_ (Signature/Printed Name of Staff Member Confiscating Property)

_FCLL Bmt_ (Institution)

| 1. Name: Poullard, Ryan | 2. Register No.: 06429-078 | 3. Unit: 5A | 4. Date: 7-19-06 |
|---|---|---|---|

5. The contraband listed below was found in possession of, or in the living quarters of the above named inmate on _7-19-06_ .

(Make a numerical list of contraband)

6. (To be completed by inmate) I have received a list of those items confiscated as contraband. I claim ownership of the following items (identify by number from section 5 above): Nos. ___1___ . I am aware that a claim of ownership will not be accepted for any item of government property. With respect to my claimed personal property, I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of the claimed items.

I, _____ , received a copy of this inventory on _7-19-06_ .
   (inmate's signature)                                          (date)

7. ~~Of the contraband listed in section 4 above, the inmate has established ownership for the following (identify by number from section 5 above)~~ Nos. _____

Contraband, other than hard contraband, may be mailed at the inmate's expense to a destination of the inmate's choice. The institution may pay for the mailing when the inmate has insufficient funds and no likelihood of receiving new funds. Where the inmate is financially able to pay postage, but refuses, or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means, including destruction of property.

I have read or had read to me the above information. I request the following action be taken in regards to my contraband property.

a. __ I request the property be mailed to _____
_____ . I agree to pay mailing costs.

Inmate's Signature: _____ Date: _____

b. __ I request the institution to pay mailing costs. I have insufficient funds in my institution account and do not expect to receive new funds. (The approval of the Warden or designee is required for the institution to pay postage.)

Inmate's Signature: _____ Date: _____

c. __ Other (specify, e.g., donate to institution) ~~_____~~

Inmate's Signature: _____ Date: _8-18-06_

8. The following contraband (identify by number from section 5 above) has been determined to be hard contraband or to be contraband for which no ownership has been established. The contraband has been disposed of by (indicate disposition/reasons): Nos. _____

_____          _____
Signature/Printed Name of Staff Member Determining Method of Disposal          Date

_____          _____
Signature/Printed Name of Staff Member Disposing of Property          Date

_____          _____
When Property is Destroyed, Signature/Printed Name of Staff Witness          Date

cc: Central File
    Chief Correctional Supervisor
    Inmate Systems Manager
    Inmate

Printed on Recycled Paper

BP-402(58)
January 1983
USP LVN

Exhibit N

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FCIL Beaumont, Texas | INCIDENT REPORT NUMBER | | 1491830 |
|---|---|---|---|---|
| INMATE NAME | POULLARD, Ryan | REG NO 06429-078 | UNIT | SA |
| DATE OF INCIDENT | July 19, 2006 | DATE OF INCIDENT REPORT | | July 19, 2006 |
| OFFENSE CODE (S) | 305 / 330 | | | |
| SUMMARY OF CHARGES | Possessing anything unauthorized / Being unsanitary | | | |

**I     NOTICE OF CHARGE (S)**

A.  Advanced written notice of charge (copy of Incident Report) was given to inmate on July 20, 2006, at 9:50 am, by C. Jack, Lieutenant.

B.  The DHO Hearing was held on August 8, 2006, at 10:15 a.m.

C.  The inmate was advised of his/her rights before the DHO on July 21, 2006, by S. Baird, Unit Team and a copy of the advisement of rights form is attached.

**II     STAFF REPRESENTATIVE**

| A.  Inmate waived right to staff representative | Yes | x | | No | |
|---|---|---|---|---|---|

B.  Inmate requested staff representative and     N/A     appeared.

C.  Requested staff representative declined or could not appear, but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:   N/A

| D.  Staff representative | N/A | was appointed. |
|---|---|---|

E.  Staff representative statement:  N/A

**III     PRESENTATION OF EVIDENCE**

| A.  Inmate admits | | denies | | neither | x | the charges. |
|---|---|---|---|---|---|---|

B.  Summary of inmate statement:   "The Bureau does not provide me with a space to offer my sacrifice, so I have my sanctuary in part of my locker.  I do not have enough room in my locker for my personal stuff. ~~and~~ ~~family sent me the technical manual along with some tarot cards.~~"

| 1.  The inmate requested witness (es) | Yes | x | | No | | | |
|---|---|---|---|---|---|---|---|

2.  The following persons were called as witnesses at this hearing and appeared (include each witnesses' name, title, reg number and statement as appropriate):  N/A

3.  The following persons requested were not called for the reason (s) given:   witnesses (staff) provided supporting memorandums used by DHO - cannot call as witnesses.

| 4.  Unavailable witnesses were requested to submit written statements | Yes | | No | | | N A | X |
|---|---|---|---|---|---|---|---|

Exhibit O

```
BMLGE          *          INMATE DISCIPLINE DATA          *     02-25-2007
PAGE 001 OF 001 *   CHRONOLOGICAL DISCIPLINARY RECORD      *     10:08:09

REGISTER NO: 06429-078 NAME...: POULLARD, RYAN EDWARD
FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 02-25-2007
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1491830 - SANCTIONED INCIDENT DATE/TIME: 07-19-2006 1440
DHO HEARING DATE/TIME: 08-08-2006 1015
FACL/CHAIRPERSON.....: BML/KELLEY A
APPEAL CASE NUMBER(S): 425337
REPORT REMARKS.......: ADMITTED ITEMS WERE IN LOCKER DUE TO RELIGIOUS REASONS
                       COULD NOT PUT PERSONAL ITEMS LOCKER DUE TO NO SPACE
    305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
         LP PHONE   / 90 DAYS / CS
         COMP:    LAW:
    330  BEING UNSANITARY OR UNTIDY - FREQ: 1
         LP COMM    / 90 DAYS / CS
         COMP:    LAW:
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1317842 - SANCTIONED INCIDENT DATE/TIME: 03-03-2005 1255
UDC HEARING DATE/TIME: 03-08-2005 1945
FACL/UDC/CHAIRPERSON.: BML/SA/THOMAS
REPORT REMARKS.......: 10 HOURS EXTRA DUTY
    311  FAILING TO WORK AS INSTRUCTED - FREQ: 1
         EXTRA DUTY / 10 HOURS / CS
         COMP:    LAW:    10 HOURS EXTRA DUTY
```

```
G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Exhibit P

~~EXTENSION OF TIME FOR RESPONSE~~ - ADMINISTRATIVE REMEDY

DATE: DECEMBER 7, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : RYAN EDWARD POULLARD, 06429-078
      BEAUMONT LOW FCI    UNT: SA    QTR: S04-055L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 425337-A1
DATE RECEIVED   : OCTOBER 31, 2006
~~RESPONSE DUE    : DECEMBER 30, 2006~~
SUBJECT 1       : DHO APPEAL - EVIDENCE
SUBJECT 2       : DHO APPEAL - SANCTION
INCIDENT RPT NO: 1491830

**ATTESTATION**
**COMPLAINT FOR DAMAGES**

UNITED STATES DISTRICT COURT          )
FOR THE DISTRICT OF COLUMBIA          )     ss.

COMES NOW, Ryan Poullard (Shangowande Orunmila), the plaintiff in the above entitled action, and states under his oath and under the pains and penalties of perjury that the allegations contained in the foregoing complaint wherein he is the plaintiff and the Federal Bureau of Prisons is the defendant, are the truth according to his best knowledge, information, and belief.


IN WITNESS WHEREOF, he has signed his name hereto this __6th__ day of March, 2007.


                                                Ryan Poullard
                                           (Shangowande Orunmila)
                                             Plaintiff, pro se

Ryan Poullard # 06429-078
(Shangowande Orunmila)
P.O. Box 26020
Beaumont, TX 77720-6020
Plaintiff, pro se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ryan Poullard                    )
(Shangowande Orunmila),          )
                Plaintiff,       )
                                 )      MOTION FOR LEAVE TO PROCEED
v.                               )         IN FORMA PAUPERIS
                                 )
FEDERAL BUREAU OF PRISONS,       )
                Defendant.       )

    COMES NOW, Ryan Poullard (Shangowande Orunmila), the plaintiff, pro se, in
the above entitled cause and moves the court to enter its order granting leave
to the plaintiff to proceed in forma pauperis in the captioned cause.


In connection therewith, the plaintiff attaches his affidavit of poverty, which
is incorporated herein by reference as though fully set forth.


Dated: This _____6th_____ day of March, 2007.




                                        By the plaintiff,

                                        _____
                                            Ryan Poullard
                                        (Shangowande Orunmila)

Ryan Poullard # 06429-078
(Shangowande Orunmila)
P.O. Box 26020
Beaumont, TX 77720-6020
Plaintiff, pro se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ryan Poullard                    )
(Shangowande Orunmila),          )
                Plaintiff,       )
                                 )
v.                               )        AFFIDAVIT OF POVERTY
                                 )
FEDERAL BUREAU OF PRISONS,       )
                Defendant.       )

COMES NOW, Ryan Poullard (Shangowande Orunmila), the plaintiff, pro se, in
the above entitled cause, and states under his oath and under the pains and
penalties of perjury the following:

1.  The plaintiff is a federal prisoner, incarcerated at the Beaumont Federal
Correctional Complex (Low Security), Beaumont, Texas.

2.  Twenty percent of all incoming deposits is currently being deducted from
plaintiff's inmate trust account for two civil actions.  Both of these actions
address acts of religious discrimination and unlawful use of BOP disciplinary
machinery.  See Civil Action No. 1:06-CV-82, Eastern District of Texas and
Civil Action No. 06-1768 (HHK), District Court for the District of Columbia.
The latter case was recently transferred by the D.C. District Court to the Eastern
District of Texas.  Because the defendant in this action has refused to implement
plaintiff's approved religious diet, plaintiff, for nearly three years now, has
had no choice but to meet his religious dietary needs himself via his scanty
account monies and the institution's commissary.  Jews, Christians, and Muslims
are not made to suffer such indignities and financial burdens.  Their approved
religious diets are provided by the defendant in this action and the tenets of

their faiths are respected.  Not so with the plaintiff.  Numerous attempts
have been made by the plaintiff to assert his legal rights, but the defendant
in this action simply refuses to handle his administrative remedies as required
by Bureau policy.  See Attachment A.  By refusing to process plaintiff's institution
level grievances the defendant in this action is strategically attempting to
preserve an argument for dismissal in any future civil actions by the plaintiff
that would seek injunctive and declaratory relief.    Case in point:  Plaintiff
filed a "Sensitive" request for administrative remedy on January 3, 2007, and
when this request was held for twenty seven days without being processed, the
plaintiff then appealed to the next level (Region) in accordance with Bureau
policy.  Plaintiff's appeal was rejected by the regional office and he was
instructed to "complete the administrative remedy process at the institution
before appealing to the region."  See  Attachment B.  With all avenues of immediate
relief being presently closed, the plaintiff still bears the financial burden of
having to feed himself.  This burden, along with the two partial filing fee
payments that are currently being deducted from plaintiff's account, makes it
utterly impossible for the plaintiff in this action to handle an additional
partial filing fee deduction for this case.  Plaintiff therefore prays that the
court waive all costs, in toto, for the filing of this complaint.  Plaintiff is
literally and genuinely unable to pay the costs for the above-entitled cause of
action, or give security thereof.

3.  Plaintiff seeks judgment for damages against the Federal Bureau of Prisons
for violation of his constitutional rights.  This court has jurisdiction of this
matter by virtue of 28 U.S.C.   1331.  Venue is vested by virtue of the provisions
of 28 U.S.C. 1391 (e).

4.  Plaintiff is filing his motion to proceed in forma pauperis, and in connection
therewith he attaches this affidavit of poverty so that the court will waive his

-2-

costs, in toto, because he has insufficient funds and is unable to pay.


Dated: This ____6^{th}____ day of March, 2007.



Respectfully submitted,

Ryan Poullard
(Shangowande Orunmila)
pro se

Attachment A

Submitted on this 25th day of September, 2006.

Administrative Remedy Coordinator & Clerk

BMC 1330.13
[date]
Attachment,A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program,(Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Shangowande Orunmila

Inmates Name:_____ Ryan Poullard _____ Reg. No._06429-078_____ Unit,_SA_

Specific Complaint and Requested Relief:__ On Monday 9/11/06 the attached 'Request for Administrative Remedy' was submitted to my housing unit's Correctional Counselor and was returned to me on Thursday 9/21/06 without having been filed or processed as required by Bureau policy. Access to relief in federal courts for violations of statutory and constitutional rights cannot be granted to the incarcerated until all Administrative Remedies have been exhausted. I have a legal right to access to the courts and this groundless refusal to process my legitimate complaint is in fact an obstruction.

Please provide me with the reason, or reasons for the Administrative Remedy staff's refusal to process my request dated 9/07/06.

Thank you for your assistance.

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

Counselor's Comments:_____

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**Shangowande Orisha-nla**
From: a/k/a Poullard, Ryan E.     06429-078     SA     FCC Beaumont Low

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**    For nearly two years I have been requesting that the all natural Ifa vegetarian diet which was approved by the South Central Regional Office on 9/24/04, be implemented and made available for the members of my faith group. On 6/07/06, after my last request, I was interviewed for the "religious diet menu" by Chaplain Watanabe. In the resultant "Notification of Religious Diet Accommodation" I was denied participation in the Bureau's "religious diet menu," and approved for mainline no-flesh participation which is in no way determined by religious affiliation. Everyone is permitted to make use of the no-flesh option, all you have to do is say "soy" or "no-meat" at the serving counter. I know this because I was doing this from time to time, along with hundreds of others, before I was "approved" by the Chaplain. Soy bean pellets, the material that is used for the main-line no-flesh option, are not all natural and do not meet my religious dietary needs. Please see to it that the Ifa vegetarian diet, as laid out on page 8 of my "New and Unfamiliar Religious Components" submittal, is promptly made available at this institution for the members of my faith group.

1st Attempt    2nd Attempt
9/07/06       1/19/07

| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| DATE | | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Submitted on this 7ᵗʰ day of June, 2006.

BMC 1330.13
[date]
Attachment, A

<u>DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT</u>

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy
Program</u>,(Dec. 22, 1995), requires, in most cases, that inmates attempt
informal resolution of grievances prior to filing a formal complaint.
This form shall be used to document your efforts towards informally
resolving your grievance.

Inmates Name: Sàngówándé Orìṣà-nlá
a/k/a Ryan Prullard    Reg. No. 06423-078    Unit, SA

Specific Complaint and Requested Relief: The Ifá faith group's approved "New
& Unfamiliar Religious Components" submittal clearly articulated the need for an all
natural vegetarian diet, yet more than a year after its approval this diet has
not been implemented. Per the Code of Federal Regulations, the religious dietary
needs of all faith groups are to be met through common fare. However, common fare
at this institution caters to the religious needs of Judeo-Christian and Islamic
faith groups only. This practice of providing for the religious dietary needs of
certain faith groups while disregarding the needs of others is offensive and
it amounts to an institutionalized system of religious discrimination. Attached is a
cop-out response which, in essence, tells me that my only religious dietary option
at this institution is to adhere to a diet designed to meet the needs of a
faith group other than my own. That is absurd. Please see to it that the approved
all-natural Ifá vegetarian diet is promptly implemented. Thank you.

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

_____

_____

_____

_____

_____

_____

_____

Counsel's Comments:_____

_____

_____

_____

_____

_____

_____

_____

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                          FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Chaplain Watanabe | DATE: 6/6/06 (43 A.D.) |
|---|---|
| FROM: Shangowande Orisha-nla Ryan Poullard | REGISTER NO.: 06429-078 |
| WORK ASSIGNMENT: Unit Orderly | UNIT: SA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

My religious dietary needs require me to adhere to an all natural vegetarian diet

as stipulated in the approved Ifa "New & Unfamiliar Religious Components" submittal.

Please make the necessary arrangements for me to placed on this religious diet as soon

as possible.

Thank you for your assistance.

(Do not write below this line)

DISPOSITION: ~~Cannot for most of your flesh strictly vegitarian diet~~

However, I will schedule you for a Common Fare Interview as soon

as possible

Signature Staff Member                          Date  6-6-06

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                This form replaces BP-148.070 dated Oct 86
                                                    and BP-S148.070 APR 94

Redirected to Regional Chaplaincy Administrator Matt Harness

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE

**Date:** 11/02/04 (42 A.D.)

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| **Chaplain Watanabe** | **10/18/04 (42 A.D.)** |
| FROM: **Bro. Shangowande Al-Hijr a.k.a. Ryan Poullard** | REGISTER NO.: **06429-078** |
| WORK ASSIGNMENT: **Safety** | UNIT: **SA** |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

As an Ifa devotee who wishes to worship in strict accordance with tradition, I will need to be placed on the all natural Ifa vegetarian diet that was included in my "New and Unfamiliar Religious Components" submittal. Please see to it that my religious dietary needs are met in a timely manner.

Thank you for your assistance.

(Do not write below this line)

DISPOSITION:

Sir,

The Bureau of Prisons provides The Religious Diet Program. It consists of two components 1) the mainline component where you may choose flesh or no flesh 2) certified processed food component ~~which is~~ ~~, a pork diet.~~ If you feel that you would like to participate in the Religious Diet Program please see me

Thank you

| Signature Staff Member | Date |
|---|---|
| | 10/2/04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Attachment B

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 9, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : RYAN EDWARD POULLARD, 06429-078
      BEAUMONT LOW FCI     UNT: SA    QTR: S04-055L
      P.O. BOX 26025
      BEAUMONT, TX 77720


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 441990-R1      REGIONAL APPEAL
DATE RECEIVED  : FEBRUARY 2, 2007
SUBJECT 1      : MEALS:CEREMONIAL - DELIVERY/PREPARATION OF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 4: SEE REMARKS.

REMARKS        : ~~YOU MUST COMPLETE THE ADMINISTRATIVE REMEDY PROCESS~~
                 ~~AT THE INSTITUTION BEFORE APPEALING TO THIS REGION.~~
                 ~~THERE IS NO RECORD OF YOUR ATTEMPT AT INFORMAL~~

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

| From: | Shangowande Orunmila a/k/a Poullard, Ryan E. | 06429–078 | SA | FCC Beaumont Low |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**  On 1/4/07, I submitted the attached BP-9 and informal resolution attempt to Case Manager Merendino. My Unit Counselor had been gone for at least two weeks and completion of my informal resolution attempt was therefore impossible. Because the issue addressed in this BP-9 is of a very serious and unbelievable nature, I submitted it as a sensitive filing. Per P.S. 1330.13 ¶12 page 11, "...response shall be made by the Warden or CCM within 20 calendar days." P.S. 1330.13 also states that "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." Id. Page 7 ¶4 instructs staff to "...submit the form promptly (ordinarily not later than the next business day) to the clerk for processing." Id. Staff at this institution obviously refuses to comply with Bureau policy and federal law. This interference with the Bureau's Administrative Remedy program is in fact interference with my right to unobstructed access to the courts. See Prison Litigation Reform Act. The "next business day," as it pertains to my submission of the attached BP-9, was 1/5/07. On this 30th day of January, 2007, (well over 20 calendar days) I have yet to receive an acceptance or rejection notice, much less a response from the Warden. Please provide the relief requested in the attached informal resolution attempt.

Thank you.

| 1/30/07 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**


| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 441990-R1

**Part C—RECEIPT**    FEB  2 2007    CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

*If copies are needed, submit four copies. Additional instructions on reverse.*

**From:** Shangowande Orunmila a/k/a Poullard, Ryan E.

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | 06429-078 | SA | FCC Beaumont Low |
| | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** Where do I begin? P.S. 5360.09 ¶ c page 19 states that "Ritual or traditional foods (for religious ceremonial meals) must be consistent with the faith group's religious dietary laws." (emphasis added) Page 20 states as follows: "An Inmate Request to Staff must be submitted to the chaplain 60 days before the ceremonial meal requesting ritual/traditional foods. The chaplain will consult with the Food Service Administrator to develop the menu for each ceremonial or commemorative meal at least 45 days before the scheduled date of the observance. This facilitates timely food ordering and preparation." (emphasis added) Policy clearly requires that faith group members be made aware of a planned ceremonial meal at least 60 days prior to the proposed date, but as evidenced by the attached BP-8 which could not be completed due to my unit counselor's two week absence, the members of the Ifa faith group were not informed until approximately 30 days prior to the chaplain's last minute, "throw something together" ceremonial meal. Adding insult to injury, Chaplain Watanabe disregarded the traditional foods that are consistent with the Ifa faith and _forced_ red snapper on us. I requested that our meal be postponed in order to procure Ifa traditional foods but as usual, the just and impartial Watanabe didn't respond. _See_ Attachment A. On 12/29/06, the day before Watanabe's proposed date, I spoke with Chaplain Patrick to be sure that our request for postponement would be honored. Chaplain Patrick didn't give me a firm and finalized answer, he just stated that

_____/03/07
DATE

(next page)

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

                                     CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Watanabe had my request and was handling it.  The meal was scheduled for 2:00 PM on 12/30/06, and I was in the chapel from 12:30 PM - 2:30 PM at the Rastafarian service while Chaplain Patrick was on duty.  After having spoken with Chaplain Patrick while in the chapel, it was brought to my attention later the same day by members of our faith group who work in food service that Chaplain Watanabe had coerced two former members of our faith group to hold a "secret" ceremonial meal.  These two individuals, and two muslims, ate their fill while the active and dedicated members who work in food service watched.  Playing games with religious beliefs and practices is a very serious matter.  Are the chaplains trying to incite a riot?  Please provide the relief requested in the attached BP-8.

                    Thank you for your assistance.

Submitted on this 22 nd day of ~~December, 2006.~~ February 2007.

BMC 1330.13
[date]
Attachment, A

**Chaplain Watanabe**

DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program,</u>(Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Shangowande Orunmila

Inmates Name: Ryan Poullard ___ Reg. No. 06429-078 ___ Unit, SA

Specific Complaint and Requested Relief: In the latter part of November, 2006, religious services staff informed me of Chaplain Watanabe's intentions to schedule my faith group for a ceremonial meal on December 30, 2006. I was instructed to relay this information to the members of my faith group and to submit a menu as soon as possible. I followed these instructions and the attached menu was submitted during the first week of December 2006. On Friday December 22, 2006, religious services staff informed me that Chaplain Watanabe, who I had just spoken to on the previous day, left a message which stated that we would be receiving "red snapper" for our ceremonial meal. "Red snapper" is the dish that is used for Rastafarian ceremonial meals and as is plainly evidenced by the attached menu, my faith group's ceremonial food items did not include "red snapper." Kolanuts and palm oil, the ceremonial items that were included in our menu, are offerings that are used more frequently than any other customary offering in the Ifa faith. We are not Rastafarians and we would like our ceremonial meal to be rescheduled for either July 21st or 22nd. This should give religious services plenty of time to procure the ceremonial items that will be needed for our religious meal.

Thank you for your assistance.

_____

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

_____

_____

_____

_____

_____

_____

Counselor's Comments: _____

_____

_____

_____

_____

_____

_____

_____

IFA CEREMONIAL MEAL MENU


**Bitter Kolanuts–**              $1\frac{1}{2}$ pounds (\$15 per $\frac{1}{2}$ lb.), carried by Ile Orunmila

**Vegetable & Cheese Casserole–**  dough, cheese, and an assortment of vegetables

**Candied Yams–**              sweet potatoes, brown sugar, cinnamon, butter, etc.

**Stir-fried Vegetable Rice–**  rice, soy sauce, olive oil, and assorted vegetables

**Smothered Chicken–**          tomato sauce, bell peppers, onion, etc.

**Steamed Cabbage–**           butter, and assorted seasonings

**French Fries–**             ketchup

**Red Palm Oil–**              1 gallon (\$24 per gal.), carried by Ile Orunmila

**Fresh Baked Dinner Rolls**


Tentative Date:  December 30, 2006