UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RYAN POULLARD,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Civil Action No. 07-836 (JDB) |
| v. | ) |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (3) and (6), defendant Federal Bureau of Prisons (BOP) respectfully requests that this Court dismiss plaintiff's claims in their entirety. Defendant respectfully refers the Court to the attached memorandum in support of this motion. A proposed order is also attached hereto.

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN POULLARD, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 07-836 (JDB) |
| FEDERAL BUREAU OF PRISONS | ) |
| Defendant. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

INTRODUCTION

Defendant Federal Bureau of Prisons (BOP) hereby submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6).  For the reasons set forth below, the defendant respectfully requests that the Court dismiss this matter in its entirety.

BACKGROUND

*Pro se* plaintiff, Ryan Edward Poullard, register number 06429-078, was sentenced in the United States District Court for the Eastern District of Texas on February 4, 1998, to a 188 month term of imprisonment with a five year term of supervised release to follow for Possession with Intent to Distribute Cocaine Base, a violation of 21 U.S.C. §841 (a) (1).  See SENTRY Public Information Inmate Data.  Plaintiff is currently incarcerated at the Federal Correction Complex-Low Security Institution in Beaumont, Texas ("FCI Beaumont").  Id.  His projected release date is December 8, 2010.  Id.

3

On July 19, 2006, BOP staff at FCI Beaumont were conducting unit rounds. Compl. at Ex. E. Upon review of the plaintiff's cell, BOP staff found several stacks of books and what appeared to be personal papers. Id. After confirming with the plaintiff that these materials belonged to him, BOP staff directed the plaintiff to clean his area and move the materials to storage. Id. BOP staff reminded the plaintiff that he shared his cell with two others individuals and explained that it was getting too crowded in the cell. Id.

Plaintiff refused to comply with the directive and claimed that he needed an extra locker so that he could keep the materials in his cell. Compl. at Ex. E. BOP staff then opened plaintiff's locker and found several spoiled and malodorous food items. Id. Plaintiff was again directed to move his books and papers to storage and to remove the spoiled food. Id. When he refused to do so, he was then escorted to the Special Housing Unit (SHU)[1] and an incident report was filed. Id. Upon taking inventory of plaintiff's property, BOP staff determined that some of the books and papers in plaintiff's cell belonged to other inmates and to the FCI Beaumont chaplain. Id. Plaintiff was later charged and disciplined for misconduct related to possession of an unauthorized item and being unsanitary. Compl. at Ex N.

On or around May 7, 2007, plaintiff filed this complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (hereinafter "Bivens") and named as a defendant only the BOP. See Compl. at ¶¶ 1, 5, 21. Specifically, plaintiff claims that the BOP violated his constitutional due process rights when it disciplined him for misconduct related to possession of an unauthorized item and being unsanitary. Compl.

---

[1] The Special Housing Unit is separate unit for inmates who are unable to function in a less restrictive environment without being a threat to others or to the orderly operation of the institution. BOP Program Statement, 5212.07, Control Unit Programs, February 20, 2001.

at ¶¶ 7-17, Ex. C. Plaintiff makes a variety of allegations against the BOP, including that BOP personnel falsified incident reports in the disciplinary process, failed to timely respond to his administrative appeals, and discriminated against him because of his religion. See Compl. at ¶¶ 17-22. As relief, plaintiff requests monetary damages in the amount of twenty-two million dollars. See Compl. at ¶ 24.

## ARGUMENT

**A.     Sovereign Immunity Bars Any Constitutional Claims for Monetary Damages Against the BOP**

To the extent that plaintiff seeks damages for alleged constitutional violations against the BOP, his claim must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies [such as the BOP] from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984). More importantly, the Supreme Court has expressly declined to imply a Bivens action against a federal agency. E.g., FDIC v. Meyer, 510 U.S. 471, 485-86 (1994).

In the instant case, the BOP is the only defendant named by the plaintiff. Compl. at ¶ 5. Plaintiff does not name any individual defendants, nor has he attempted service against any individual defendants. Id. See also Docket Report. Moreover, the only relief sought by the plaintiff is monetary damages in the amount of twenty-two million dollars. Compl at ¶ 24.

5

Plaintiff's complaint does not contain any colorable basis for a waiver of the BOP's sovereign immunity.[2]  Therefore, to the extent that plaintiff asserts constitutional <u>Bivens</u> damages claims against the BOP as an agency, it is well settled that such claims must be dismissed for lack of subject matter jurisdiction.

**B.   Venue is Improper**

Plaintiff's <u>Bivens</u> claims must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.  Venue in <u>Bivens</u> cases is governed by 28 U.S.C. § 1391(b).  <u>See</u> <u>Stafford v. Briggs</u>, 444 U.S. 527, 544 (1980); <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 257 (D.C. Cir. 1993); <u>Pollack v. Meese</u>, 737 F. Supp. 663, 665 (D.D.C. 1990).[3]  Under § 1391(b), a <u>Bivens</u> cause of action may be brought only in a judicial district where:  (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought.  <u>See</u> 28 U.S.C. § 1391(b).

Historically, the D.C. federal courts do not permit inmates incarcerated in other jurisdictions to challenge conditions of confinement in this district simply because it is the location of the Bureau's Central Office.  The BOP has over 170,000 inmates in over 100 institutions nationwide.  <u>See</u> www.bop.gov ("public information, quick facts and statistics").

---

[2] When a plaintiff seeks monetary relief in tort against a department of the United States, the only possible basis for relief would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Plaintiff does not assert that he has exhausted necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim.  <u>GAF Corp. v. United States</u>, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987).

[3] In his complaint, plaintiff erroneously states that venue is appropriate pursuant to 28 U.S.C. § 1391(e).  Compl. at ¶ 3.  As discussed above, plaintiff is suing defendant BOP pursuant to <u>Bivens</u>.

Courts recognize the danger of giving all federal inmates the opportunity to bring their claims here in the district: "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).

In the instant case, venue is not proper in United States District Court for the District of Columbia under 28 U.S.C. § 1391(b). None of the events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, et al., 911 F. Supp. 11, 15 (D.D.C. 1996). Because venue is improper, the Court should dismiss plaintiff's Bivens claims under Fed. R. Civ. P. 12(b)(3).

**C.     Plaintiff Fails to State a Claim Upon Which Relief Can be Granted**

Though plaintiff brings a Bivens complaint, he does not specifically identify what Constitutional amendments were allegedly violated. However, reviewing the plaintiff's allegations in the light most favorable to him (motion to dismiss standard), it appears that he is alleging Fifth Amendment due process violations with regards to his disciplinary hearing and subsequent administrative grievances and an Equal Protection or First Amendment violation when he was allegedly discriminated against because of his religion. Compl. at ¶¶ 6, 18-22. Even assuming arguendo that this Court did not lack subject matter jurisdiction over plaintiff's Bivens complaint or that venue was otherwise proper, plaintiff's complaint must still be dismissed because he fails to state any cognizable Constitutional claims.

**1.     Plaintiff does not have a Constitutional right to a grievance procedure**

With regards to his disciplinary hearing, plaintiff fails to set forth any cognizable

Constitutional due process violations. Plaintiff's various allegations seem to stem from nothing more than mere disagreement with the BOP's decision to sustain the charged misconduct and to discipline him for that misconduct. Notably, plaintiff does not dispute that he received advance written notice of the charges against him, that he was afforded the right to call witnesses and present documentary evidence, and that he was given a written statement of fact findings. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

To the extent that plaintiff complains of alleged constitutional violations with regards to the handling of his grievance, he clearly fails to state a cognizable claim. Prison inmates do not have a constitutionally protected right to a grievance procedure. Pryor-El v. Kelly, 892 F.Supp. 261, 275 (D.D.C. 1995) (citing Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138, 97 S.Ct. 2532, 2544, 53 L.Ed.2d 629 (1977) (Burger, J., concurring) ( "I do not suggest that the [grievance] procedures are constitutionally mandated." )); Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state") (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988)); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) (no constitutional or state created right to grievance procedure; prison officials may place reasonable limits on prisoner's access to grievance procedure). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)). Because a prison grievance

procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the grievance procedure is not actionable. See Brown v. Dodson, 863 F.Supp. 284 (W.D.Va.1994). Thus, even accepting as true plaintiff's allegations that the BOP failed to timely or otherwise appropriately respond to his grievance, plaintiff fails to state a claim and his complaint should be dismissed.[4]

### 2. Plaintiff was not discriminated against on the basis of religion

The Equal Protection Clause demands that the government apply its laws in a rational and nonarbitrary manner. See Plyler v. Doe, 457 U.S. 202, 216 (1982); Pryor-El v. Kelly, 892 F.Supp. 261(D.D.C. 1995). However, "the conscious exercise of some selectivity in enforcement is not itself a federal constitutional violation." Pryor-El, 892 F.Supp. at 270 (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962). For an equal protection claim to be validated in the prison context, an inmate who is not in a protected class must establish two necessary predicates. First, the inmate must establish that he or she was treated differently than other prisoners in his or her circumstances. Id. (citing Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 650 (D.C.Cir. 1987). Second, he or she must establish that such unequal treatment was the result of intentional or purposeful discrimination. Id.

In this case, plaintiff makes conclusory claims that he was discriminated against on the basis of his religion. Compl at ¶¶ 6, 23. There is nothing in the record, however, to support his claim that the defendant's actions were religion-based or that he was treated differently than similarly situated prisoners with regards to the discipline at issue in this case. Even assuming

---

[4] Even if plaintiff is attempting to sue any individuals for their rulings in the administrative grievance process, they would be protected by absolute immunity. E.g., Butz v. Economou, 438 U.S. 478, 515-16 (1978).

9

that he was treated differently, plaintiff fails to proffer any evidence that satisfies that requisite proof of different treatment or intent to discriminate on the part of BOP officials. See McCleskey v. Kemp, 481 U.S. 279, 297 (1987) (holding that a complaining party must show "***exceptionally clear proof***" that the government abused its discretion) (emphasis added). Absent any showing at all, this claim is without merit.

With regards to a potential First Amendment claim, it is well settled that several threshold requirements must be met before a particular belief, alleged to be religious in nature, is accorded First Amendment protection. Specifically, a court must decide whether the beliefs avowed are both: (1) sincerely held and (2) religious in nature. Levitan v. Ashcroft, 281 F.3d 1313, 1320 (D.C. Cir. 2002) citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993). The challenged rule must also burden a central tenet or important practice of the litigant's religion. Id. If these threshold requirements are met, only then does the Court turn to an examination of the regulation at dispute.

As discussed above, plaintiff's allegations of religious discrimination are vague and conclusory. He fails to allege any sincerely held belief that is religious in nature and a central tenet of his religion. Moreover, even assuming, however, that plaintiff could meet these threshold showings, he does not specifically identify any BOP regulations or policies that restrict or otherwise prohibit the free exercise of his religious beliefs.

Even construing these claims under the liberal rules applicable to *pro se* complaints, there still remains no arguable legal or factual basis upon which the complaint could go forward. Plaintiff has failed to state a claim for violation of any constitutional rights.

## CONCLUSION

For all of the foregoing reasons, this action should be dismissed.

>Respectfully submitted,
>
>___/s/_____
>JEFFREY A. TAYLOR, D.C. BAR # 498610
>United States Attorney
>
>___/s/_____
>RUDOLPH CONTRERAS, D.C. BAR # 434122
>Assistant United States Attorney
>
>___/s/_____
>QUAN K. LUONG
>Special Assistant United States Attorney
>555 Fourth Street, N.W., Room E-4417
>Washington, D.C. 20530
>(202) 514-9150 (telephone)
>(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this 17th day of July, 2007, I caused service of the foregoing **DEFENDANT'S MOTION TO DISMISS** to be made on the *pro se* plaintiff via first class mail:

  Ryan Poullard
  FCI Beaumont
  Reg. No. 06429-078
  P.O. Box 26020
  Beaumont, TX 77720-6020

         Respectfully submitted,

         _____/s/_____
         QUAN K. LUONG
         Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN POULLARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 07-836 (JDB) |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

UPON CONSIDERATION of the Defendant's Motion to Dismiss, support thereof, the grounds stated therefor and the entire record in this matter, it is by the Court this ____ day of _____, 2007, hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED, and it is further

ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE