UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

OCT 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ryan Poullard                      §
(Shangowande Ajanaa-Werepe),       §
                     Plaintiff,    §
                                   §
v.                                 §      Civil Action No.  07-836(JDB)
                                   §
FEDERAL BUREAU OF PRISONS,         §
                     Defendant.    §
                                   §

### PLAINTIFF'S MOTION REQUESTING A
### STANDING ORDER FROM THE COURT

#### BACKGROUND

In plaintiff's New and Unfamiliar Religious Components submittal which was
approved three years ago, the need for Ide's (beaded bracelets) and Ileke's
(beaded necklaces) which are to be worn by believers at all times was clearly
specified. Attachment B of Plaintiff's Motion to Supplement at page 3.  On July
13, 2007, plaintiff's mother came to visit him.  After explaining the religious
significance of his Ide and Ileke's, plaintiff was permitted to wear his religious
beads in visitation.  On July 23, 2007, plaintiff's father, who is rarely able
to visit the plaintiff, took leave from work to visit him.  Despite having been
permitted to wear his religious beads into the visiting room on July 13, 2007,
plaintiff was denied entry into visitation and told that his Ide and Ileke's
could only be worn in the chapel.  Plaintiff's father was told that the plaintiff
had refused to see him and plaintiff's visit was terminated.

On August 7, 2007, plaintiff's sister, who was nine months pregnant (she
went into labor the very next day), had a friend bring her to visit the plaintiff.
Again, plaintiff was denied entry into the visiting room and was told that no
beads could be worn in the visiting room.  After plaintiff's sister waited for
two hours, plaintiff's visit was terminated.  In an incident report prepared by
BOP Staff Chaplain James Watanabe on August 8, 2007, the chaplain states that
"The visit was not allowed because inmate Poullard was wearing two sets of beaded

necklaces, and refused to take one off." See Exhibit A.  Chaplain Watanabe was
off on Tuesday August 7, 2007, and his statement, like his charge of "Threatening
another with bodily harm or any other offense," is an outright fabrication.
The institution's Disciplinary Hearing Officer found the chaplain's charges to
be completely unfounded and the case was thrown out on September 26, 2007.

### ARGUMENT

The Beaumont Federal Correctional Complex's Institution Supplement on Visiting
Regulations states the following:

> The visiting privilege is an important part of an inmate's
> incarceration and successful re-entry into society.  Use of
> this privilege allows inmates to maintain family ties,
> community relationships, and plan for release.
> BML 5267.08B, page 2 ¶ 5.

The Visiting privilege, like commissary and all other privileges in the
prison environment, can be taken away when an inmate is sanctioned for a violation
of prison rules.  Plaintiff's visiting privileges were not taken away as a result
of any misconduct or violation on his part.  Plaintiff's visiting privilege has
been taken away since July 13, 2007, because of his religion.  On August 8, 2007,
plaintiff submitted a Request for Administrative Remedy addressing this outrageous
denial of plaintiff's visiting privileges but like all of plaintiff's remedies,
this submittal was never processed.  See Exhibit B.  Plaintiff submitted an
Inmate Request to staff on 8/19/07 and 8/27/07 to Complex Warden Fox in which
he sought a remedy to this situation, but the Warden did not respond.  See
Exhibit C.

On September 6, 2007, plaintiff submitted an Inmate Request to Associate
Warden Hill in which he again sought relief.  See Exhibit D.  In spite of defendant's
approval of plaintiff's New and Unfamiliar Religious Components submittal which
included Ide's, and plaintiff's July 13, 2007, visit in which he was permitted
to wear his Ide and more than one Ileke, Associate Warden Hill's response stated

-2-

"Beaded bracelets are not authorized religious property." See Exhibit E.  Now, according to the Associate Warden's response, plaintiff is presently wearing contraband on his left wrist which his sincerely held religious beliefs will not permit him to remove.  Although the plaintiff fully complied with New and Unfamiliar Religious Components procedure, the defendant, with its "switch-a-roo" rulemaking, has placed the plaintiff in a catch 22.

Plaintiff's niece, who is now two months old, is growing rapidly and the most adorable moments of her infancy could very well be gone by the time a final decision is reached in this case.  The defendant will not process plaintiff's Administrative Remedies and all avenues of immediate relief are closed.  Plaintiff is also uncomfortable about calling home because each time he does so his family asks him when they will be able to bring the baby to visit.  This is a question that, at present, the plaintiff cannot answer.  Plaintiff therefore prays that this court issue a standing order directing the defendant to permit the plaintiff to wear his required religious Ide and Ileke's into the Beaumont Low Security's visiting room.  Said proposed order would be effective until a final decision is reached in this case.

CONCLUSION

In light of the foregoing facts, plaintiff begs the court to issue the standing order requested above.


Respectfully submitted on this 12th day of October, 2007.

Ryan Poullard<br>
(Shangowande Ajanaa-Werepe)<br>
Reg. # 06429-078<br>
P.O. Box 26020<br>
Beaumont, TX 77720-6020

-3-

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motions for Summary Judgment and for a Standing Order from the Court were forwarded to the Clerk of the United States District Court for the District of Columbia, via first class mail, on this 12th day of October, 2007.

_____
Ryan Poullard
(Shangowande Ajanaa-Werepe)

**Exhibit A**

# INCIDENT REPORT
## U.S. DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF PRISONS

**1. NAME OF INSTITUTION:  FCC BEAUMONT-LOW**

## PART I - INCIDENT REPORT

| 2. NAME OF INMATE:<br><br>POULLARD, RYAN | 3. REGISTER NUMBER:<br><br>06429-078 | 4. DATE OF INCIDENT:<br><br>08/08/07 | 5. TIME:<br><br>7.45 am |
|---|---|---|---|
| 6. PLACE OF INCIDENT:   Chapel | 7. ASSIGNMENT:  REC. A.M. | 8. UNIT: SA | |
| 9. INCIDENT: Threatening another with bodily harm or any other offense. | | 10. CODE: 203 | |

**11. Description of Incident  (Date: 08/08/07      Time:  7.45 a .m.     Staff became aware of incident)**

On August 8, 2007 at 7:45 am. Inmate Poullard came into my office to speak to me. He told me that his sister came to visit him and was turned away. ~~The visit was not allowed because inmate Poullard was wearing two sets of beaded necklaces, and refused to take one off.~~ Visiting Room policy says that an inmate may wear only one medallion with chain. It also says that it must be worn underneath the shirt. He then told me that he had talked to me twice and said that it was my job to accomodate his religious practices . He maintains that the wearing of two necklaces is a part of his religion. He then said that he was not going to stand for us messing with his family. He told me that because I had failed to do my job that he was going to make me pay for what I had done. He told me this twice. He then stood up and left my office. As he was leaving I asked him if he were threatening me. He did not reply

| 12. SIGNATURE OF REPORTING EMPLOYEE:<br><br>*[signature]* | DATE AND TIME:<br><br>08/08/07 @ 8.38 am | 13. NAME AND TITLE (Printed):<br><br>James Watanabe, Chaplain |
|---|---|---|
| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY:<br><br>*[signature]* | 15. DATE INCIDENT REPORT DELIVERED<br><br>08-08-07 | 16. TIME INCIDENT REPORT DELIVERED<br><br>1:15 Pm |

## PART II - COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT:**




**18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:**

____ COMMITTED THE FOLLOWING PROHIBITED ACT.

____ DID NOT COMMIT A PROHIBITED ACT.

**B.** ____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING
**C.** ____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION:**




**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT):**



**21. DATE AND TIME OF ACTION _____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)**

_____      _____      _____
Chairman (Typed Name/Signature)     Member (Typed Name)     Member (Typed Name)

Record Copy - Central File Record;  Copy - DHO;  Copy - Inmate after UDC Action; Copy - Inmate Systems;  Copy - Inmate within 24 hours of Part I preparation

(This form may be replicated via WP)        BP-S288.052      Replaces BP-288(52) of JAN 88

Exhibit B

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Sensitive*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Shangorande Atianaa Ferepe**
c/s/a Pouillard, Ryan E.
LAST NAME, FIRST, MIDDLE INITIAL

06429-078
REG. NO.

SA
UNIT

FCC Beaumont Low
INSTITUTION

**Part A- INMATE REQUEST** In my New & Unfamiliar Religious Components submittal that was approved nearly three years ago, I clearly explained the need for more than one Ileke (beaded necklace) and Ide (beaded bracelet). I also explained that these religious beads must be worn at all times. On July 25, 2007, my father took leave from work to visit me. C.O. Edwards told me that I could not come into visitation with any beads. I went to the Lt.'s Office to try to explain my situation and C.O. Lyles told me that Chaplain Watanabe had informed correctional services that the religious beads for members of my faith group can only be worn in the chapel. I went to speak to Chaplain Patrick and he said that there was nothing he could do. My father was told by visitation staff that I had refused his visit and my visit was terminated. At no time did C.O.'s Edwards or Lyles ask me "to take one" of my beaded necklaces off. On August 7, 2007, my sister, who is nine months pregnant (one week away from delivery), had a friend bring her to visit me. She needed the friend because she is too far along in her pregnancy to be driving. Again C.O. Edwards told me that I could not come into visitation with my religious beads and at no time did he tell me that I could wear only one. I went to the Lt.'s Office and was told by Lt. Adams that religious services had advised him that beads for my faith group can only be worn in the chapel. After my sister waited for two hours, my visit was terminated. In an incident report prepared by Chaplain Watanabe on August 8, 2007, he states that "The visit was not allowed because

**8/8/07**
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

inmate Poullard was wearing two sets of beaded necklaces and refused to take one off. Visiting Room policy says that an inmate may wear only one medallion with chain." I do not have a chain or a medallion because my faith demands that I wear beads. My Orisha, or guardian angel, is Shango which means that I have to wear a red and white beaded necklace. I am also a devotee of Orunmila currently studying Ifa under the tutelage of Felipe Alvarez, a Babalawo at this institution. Devotees of Orunmila who are studying Ifa divination must wear a green and yellow beaded bracelet (Ide) on the left wrist and a green and yellow beaded necklace. All of these items were explained on page three of my approved New & Unfamiliar Religious Components submittal. Lt. Adams, C.O. Edwards and C.O. Lyles lied to me and told me that I couldn't wear any beads in visitation. Chaplain Watanabe refuses to permit me to adhere to the fundamental tenets of my faith. Please give my a pass or whatever approval is needed for me to be able to wear my Ileke (more than one set) and Ide throughout the institution (visitation included).


Thank you.

Exhibit C

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: 1st Submittal | 2nd Submittal |
|---|---|---|
| Complex Warden Fox | 8/19/07 | 8/27/07 |
| FROM: Sàngówàndé Ajanaa-Werepe Ryan Poullard | REGISTER NO.: 06429-078 | |
| WORK ASSIGNMENT: REC AM | UNIT: SA | |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

For nearly a year now, my attempts to use the Bureau's Administrative Remedy program have been completely thwarted by staff at the Low Security facility. My unit counselor takes my BP-8's and 9's but they are never completed or processed. I am currently being denied entry into the visiting room by staff at this institution because of my officially approved religious beads that must be worn at all times. I've asked Chaplain Watanabe on more than one occasion to correct this situation but he is completely indifferent to the fundamental needs of my faith group. Because of my religion, I cannot see my family. Please grant me the approval needed to wear my religious beaded necklaces and bracelet in visitation and throughout the institution. Thank you.

(Do not write below this line)

DISPOSITION:

_____   _____
Signature Staff Member             Date

Record Copy - File; Copy - Inmate        This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)     and BP-S148.070 APR 94

Printed on Recycled Paper

Exhibit D

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Ms. Hill/Associate Warden of Religious Services | DATE: 9/6/07 |
|---|---|
| FROM: Sàngòwàrdè Ajanaa-Werepe Ryan Poullard | REGISTER NO.: 06429-078 |
| WORK ASSIGNMENT: REC AM | UNIT: SA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Attached are a few of the many attempts that have been made to address the denial of my faith group's fundamental needs. All of them have been scoffed at and ignored. With all avenues of immediate relief presently closed, I am unable to tell my family when they will be able to visit again. If I were a Christian or a Jew none of this would even be happening.

Thank you.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                    This form replaces BP-148.070 dated Oct 86
                                                        and BP-S148.070 APR 94



BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Chaplain Patrick | DATE: 1st Submittal  8/30/07 | 2nd Submittal  9/6/07 | 3rd Submittal  9│25│07 |
|---|---|---|---|
| FROM: Sàngòwàrdé Ajanaa-Werepe  Ryan Poullard | REGISTER NO.:  06429-078 | | |
| WORK ASSIGNMENT:  REC AM | UNIT:  SA | | |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

It was my intention to purchase Ìlèkè (religious beaded necklaces) for the seven Orìsà who rule the days of the week. The days that these Orìsà rule are considered their prayer days, and wearing the Ìlèkè of a particular Orìsà on their prayer day assists the believer in the endeavor to attain harmony with said Orìsà's energy. All of the Ìlèkè carried by the Yorùbá Book Center, when their prices are combined, do not exceed the $100.00 limit specified in Bureau policy. You informed me on this 30th day of August 2007, that believers in my faith group can only purchase one Ìlèkè. What is the reason for this limitation and how are white beads considered to be Ìlèkè's that cover all Orìsà.

Thank you.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Sensitive

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Shangowande Ajansa-Werepe**
a/k/a Poulliard, Ryan F.

| LAST NAME, FIRST, MIDDLE INITIAL | 06429-078 | 84 | FCC Beaumont Low |
| --- | --- | --- | --- |
| | REG. NO. | UNIT | INSTITUTION |

**Part A— INMATE REQUEST.** On June 13, 2007, at the evening meal, cold cuts and potatoes were served. Because I am a vegetarian and my officially approved all natural religious diet (Ifa) has not been provided by the institution, I did as I always do and asked for a tray with no meat and extra tomatoes. The line server misunderstood me and piled my tray up with potatoes. As I was walking away from the serving line, Food Service Officer Torres began yelling "Hey. Hey." When I approached her she asked for my tray. Trying to avoid a scene I told her that I do not eat meat and on cold cut days I always ask for extra tomatoes. She then asked why I didn't get the soy. I stated "It bloats me." After making a comment about the amount of potatoes on my tray Food Service Officer Torres, in front of all the other inmates waiting in line, obnoxiously stated, "If the soy bloats him then these extra potatoes should bloat him too." Several of the inmates waiting in line exploded into laughter. Embarrassed by this arrogant display, I left the tray and the Food Service building. I go to Food Service to eat, not to be made fun of. I have made every effort to have my religious diet implemented at this institution (Administrative Remedies, etc.) but all of these attempts have been ignored. Please provide my approved Ifa vegetarian diet immediately so that I will not be subjected to any further embarrassment, and give Officer Torres some sort of civility training.

Thank you.

| 6/14/07 | |
| --- | --- |
| DATE | SIGNATURE OF REQUESTER |

**Part B— RESPONSE**

| | |
| --- | --- |
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: _____

CASE NUMBER: _____

**Part C— RECEIPT**

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

| | |
| --- | --- |
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)

# REQUEST FOR ADMINISTRATIVE REMEDY

## C Sensitive C

Type or use ball point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

**Shanocrande, Maans-Herend**

From: 6/2/6  Bouillard, Ryan R.               06429-078          SA        FCC Beaumont Low
        LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.          UNIT        INSTITUTION

Part A- INMATE REQUEST  My Religion, life, has been repeatedly discriminated against by the institution's Religious Services Department and I have made numerous attempts to address this primitive behavior via the Bureau's Administrative Remedy program. With all of my Informal Resolution Attempts and Requests for Administrative Remedy being completely ignored by the impartial staff of this institution, Religious Services has obviously decided to ride roughshod over the rights of my faith group. On 5/17/07 I submitted an Inmate Request to Staff in which I requested to be placed on call-out for my faith group's June 8th and 9th holy day observances. That request was ignored and I was denied my June 8th observance. Jews are not denied observance of Passover, Christians are not denied observance of Easter, and Muslims are not denied observance of Ramadan. This denial of my holy day is sensitive and must be processed accordingly.

Thank you,

6/08/07 _____          _____
   DATE                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____          _____
   DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                       CASE NUMBER: _____

                                                 CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          ✪          _____
    DATE                                     RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                                       BP-229(13)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 9, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : RYAN EDWARD POULLARD, 06429-078
      BEAUMONT LOW FCI     UNT: SA    QTR: S04-055L
      P.O. BOX 26025
      BEAUMONT, TX 77720

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 441990-R1       REGIONAL APPEAL
DATE RECEIVED   : FEBRUARY 2, 2007
SUBJECT 1       : MEALS:CEREMONIAL - DELIVERY/PREPARATION OF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR    INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 4: SEE REMARKS.

REMARKS         : YOU MUST COMPLETE THE ADMINISTRATIVE REMEDY PROCESS
                  AT THE INSTITUTION BEFORE APPEALING TO THE REGION.
                  THERE IS NO RECORD OF YOUR ATTEMPT AT THIS.

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

Shangowande Orunmila

From: __a/k/a Poullard, Ryan E.__          06429-078          SA          FCC Beaumont Low
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**    On 1/4/07, I submitted the attached BP-9 and informal resolution attempt to Case Manager Merendino. My Unit Counselor had been gone for at least two weeks and completion of my informal resolution attempt was therefore impossible. Because the issue addressed in this BP-9 is of a very serious and unbelievable nature, I submitted it as a sensitive filing. Per P.S. 1330.13 ¶12 page 11, "...response shall be made by the Warden or CCM within 20 calendar days." P.S. 1330.13 also states that "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." Id. Page 7 ¶4 instructs staff to "...submit the form promptly (ordinarily not later than the next business day) to the clerk for processing." Id. Staff at this institution obviously refuses to comply with Bureau policy and federal law. This interference with the Bureau's Administrative Remedy program is in fact interference with my right to unobstructed access to the courts. See Prison Litigation Reform Act. The "next business day," as it pertains to my submission of the attached BP-9, was 1/5/07. On this 30th day of January, 2007, (well over 20 calendar days) I have yet to receive an acceptance or rejection notice, much less a response from the Warden. Please provide the relief requested in the attached informal resolution attempt.

                                        Thank you.

__1/30/07__                                        _____
DATE                                                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____          _____
            DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __441990-R1__

**Part C—RECEIPT**                    FEB  2 2007                    CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

... All copies if attachments are needed, submit four copies. Additional instructions on reverse.

**From:** Pollard, Ryan E.                          **06429-078**              **SA**          **FCC Beaumont Low**

LAST NAME, FIRST, MIDDLE INITIAL          **REG. NO.**                    **UNIT**              **INSTITUTION**

**Part A- INMATE REQUEST** Where do I begin? P.S. 5360.09 ¶ c page 19 states that "Ritual or traditional foods (for religious ceremonial meals) must be consistent with the faith group's religious dietary laws." (emphasis added) Page 20 states as follows: "An Inmate Request to Staff must be submitted to the chaplain 60 days before the ceremonial meal requesting ritual/traditional foods. The chaplain will consult with the Food Service Administration to develop the menu for each ceremonial or commemorative meal at least 45 days before the scheduled date of the observance. This facilitates timely food ordering and preparation." (emphasis added) Policy clearly requires that faith group members be made aware of a planned ceremonial meal at least 60 days prior to the proposed date, but as evidenced by the attached BP-8 which could not be completed due to my unit counselor's two week absence, the members of the Ifa faith group were not informed until approximately 30 days prior to the chaplain's last minute, "throw something together" ceremonial meal. Adding insult to injury, Chaplain Watanabe disregarded the traditional foods that are consistent with the Ifa faith and forced red snapper on us. I requested that our meal be postponed in order to procure Ifa traditional foods but as usual, the just and impartial Watanabe didn't respond. See Attachment A. On 12/29/06, the day before Watanabe's proposed date, I spoke with Chaplain Patrick to be sure that our request for postponement would be honored. Chaplain Patrick didn't give me a firm and finalized answer, he just stated that

_____
   1/03/07
   **DATE**                    (next page)                         _____
                                                                   **SIGNATURE OF REQUESTER**

**Part B- RESPONSE**

_____

_____
   **DATE**                                              _____
                                                          **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                          CASE NUMBER: _____

                                                        CASE NUMBER: _____
**Part C- RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

_____
   **DATE**                                          **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

USP LVN                                                                            BP-229(13)

Watanabe had my request and was handling it.  The meal was scheduled for 2:00 PM on 12/30/06, and I was in the chapel from 12:30 PM - 2:30 PM at the Rastafarian service while Chaplain Patrick was on duty.  After having spoken with Chaplain Patrick while in the chapel, it was brought to my attention later the same day by members of our faith group who work in food service that Chaplain Watanabe had coerced two former members of our faith group to hold a "secret" ceremonial meal.  These two individuals, and two muslims, ate their fill while the active and dedicated members who work in food service watched.  Playing games with religious beliefs and practices is a very serious matter.  Are the chaplains trying to incite a riot?  Please provide the relief requested in the attached BP-8.

Thank you for your assistance.

*Submitted on this 25th day of September, 2006.*

Administrative Remedy Coordinator & Clerk

BMC 1330.13
[date]
Attachment,A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program,(Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Shangowande Orunmila

Inmates Name:_____ Ryan Poullard _____ Reg. No. 06429-078 ___ Unit, SA

Specific Complaint and Requested Relief: On Monday 9/11/06 the attached 'Request for Administrative Remedy' was submitted to my housing unit's Correctional Counselor and was returned to me on Thursday 9/21/06 without having been filed or processed as required by Bureau policy. Access to relief in federal courts for violations of statutory and constitutional rights cannot be granted to the incarcerated until all Administrative Remedies have been exhausted. I have a legal right to access to the courts and this groundless refusal to process my legitimate complaint is in fact an obstruction.

Please provide me with the reason, or reasons for the Administrative Remedy staff's refusal to process my request dated 9/07/06.

Thank you for your assistance.

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

Counselor's Comments:

*Type or use ball-point pen; if attachments are needed ... instructions on reverse.*

Shangowande Orisha-nla

From: a/k/a Pouliard, Ryan E.    06-73-071    SA    FCC Beaumont Low

LAST NAME, FIRST, MIDDLE INITIAL    UNIT    INSTITUTION

**Part A– INMATE REQUEST**   For nearly two years I have been requesting that the all natural Ifa vegetarian diet which was approved by the South Central Regional Office on 9/24/04, be implemented and made available for the members of my faith group.  On 6/07/06, after my last request, I was interviewed for the "religious diet menu" by Chaplain Watanabe.  In the resultant "Notification of Religious Diet Accommodation" I was denied participation in the Bureau's "religious diet menu," and approved for mainline no-flesh participation which is in no way determined by religious affiliation.  Everyone is permitted to make use of the no-flesh option, all you have to do is say "soy" or "no-meat" at the serving counter.  I know this because I was doing this from time to time, along with hundreds of others, before I was "approved" by the Chaplain.  Soy bean pellets, the material that is used for the main-line no-flesh option, are not all natural and do not meet my religious dietary needs. Please see to it that the Ifa vegetarian diet, as laid out on page 8 of my "New and Unfamiliar Religious Components" submittal, is promptly made available at this institution for the members of my faith group.

1st Attempt    2nd Attempt

9/07/06    1/19/07

DATE    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____    _____    _____    _____

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO    UNIT    INSTITUTION

SUBJECT: _____

Submitted on this 7th day of June, 2006.

BMC 1330.13
[date]
Attachment, A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program,</u>(Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmates Name: Sàngówándé Orìsà-nlá
                a/k/a Ryan Poullard            Reg. No. 06429-078       Unit, SA

Specific Complaint and Requested Relief: The Ifá faith group's approved "New & Unfamiliar Religious Components" submittal clearly articulated the need for an all natural vegetarian diet, yet more than a year after its approval this diet has not been implemented. Per the Code of Federal Regulations, the religious dietary needs of all faith groups are to be met through common fare. However, common fare at this institution caters to the religious needs of Judeo-Christian and Islamic faith groups only. This practice of providing for the religious dietary needs of certain faith groups while disregarding the needs of others is offensive and it amounts to an institutionalized system of religious discrimination. Attached is a cop-out response which, in essence, tells me that my only religious dietary option at this institution is to adhere to a diet designed to meet the needs of a faith group other than my own. That is absurd. Please see to it that the approved all natural Ifá vegetarian diet is promptly implemented. Thank you.

Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

_____
_____
_____
_____
_____
_____

Counselor's Comments: _____
_____
_____
_____
_____
_____
_____

Exhibit E

**POULLARD, Ryan**                                    **FCC Beaumont(Low)**
**Reg. No. 06429-078**
**Unit SA**


This is in response to your Inmate Request to Staff dated
September 6, 2007, regarding your concerns that your religious
needs are not being met.

Records indicate that you have been provided an opportunity to
worship on a regular basis.  Additionally, religious books and
materials have been made available for instruction and outside
guests have been brought into the institution.  You have also
been approved to own personal religious property.

Concerning your requests to wear beaded necklaces and a beaded
bracelet in all areas of the institution, the Bureau of Prisons
authorizes one approved beaded religious necklace to be worn
inside your shirt except during scheduled religious meeting in
the Chapel.  ~~Beaded bracelets are not authorized religious
property.~~

I trust this response adequately addresses your concerns.


S. Hill
_____          9/24/07
S. Hill, Acting Associate Warden         Date