UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN POULLARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Civil Action No. 07-836 (JDB) |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND FOR A STANDING ORDER**

Federal Bureau of Prisons ("BOP" or "Defendant") hereby submits this opposition to Plaintiff's Motion for Summary Judgment and Motion for a Standing Order. Plaintiff commenced this as a *Bivens*[1] action on May 7, 2007, and Defendant responded, on July 17, 2007, with a Motion to Dismiss or, in the alternative, transfer to Texas, where Plaintiff is incarcerated. Instead of filing an opposition to Defendant's motion, Plaintiff filed a motion to amend his complaint from a *Bivens* claim to one under the Religious Freedom Reformation Act, 42 U.S.C. 2000bb *et seq*., ("RFRA"). Defendant opposed Plaintiff's Motion to Amend on the grounds of futility and Plaintiff filed the motions to which this pleading responds. Essentially, Plaintiff's motions constitute opposition to Defendant's Motion to Dismiss. In other words, with this "reply," Defendant respectfully contends that the Motion to Dismiss is fully briefed and ripe for a dispositive ruling. Furthermore, Defendant contends that dismissal, or in the alternative transfer, of Plaintiff's claims is proper whether the Court views them under *Bivens* or the RFRA.

---

[1] *Bivens v. Six Unknown Named Agents of Fed Bur. of Narc.*, 403 U.S. 388 (1971).

Dismissal is proper because Plaintiff's attempt to amend his complaint to avoid the fact that his *Bivens* claim against Defendant is barred by sovereign immunity fails because he cannot substitute for a claim under the RFRA because he has failed to exhaust his administrative remedies are required by the Prison Reform Litigation Act ("PRLA"). In addition, many of the documents attached to Plaintiff's complaint contradict his claim that Defendant failed to accommodate his religious beliefs.[2] In the alternative, Defendant requests transfer to the Eastern District of Texas, where Plaintiff is incarcerated. In other words, Plaintiff's claims fail procedurally and on their merits.

By way of background, Plaintiff, Ryan Edward Poullard, aka Shangowande Orunmila, register number 06429-078, is currently incarcerated at the Federal Correction Complex-Low Security Institution in Beaumont, Texas ("FCI Beaumont"). In his initial *Bivens* complaint against the BOP, Plaintiff alleged that Defendant discriminated against his religious beliefs and violated his constitutional rights by denying him due process before punishment. *Pl. Compl., Dkt. No. 1*, at ¶¶7-22. As indicated earlier, Defendant moved to dismiss this complaint. *Dkt. No. 7*. In the amended complaint he attempted to file in response to Defendant's Motion to Dismiss, Plaintiff alleges that the BOP "fail[ed] to handle inmate requests for religious accommodation consistent with the RFRA." *Dkt. No. 10*, ¶1. Furthermore, Plaintiff alleges that the basis for the Court's jurisdiction is the Administrative Procedure Act and that venue is proper under 28 U.S.C. §1391(e). *Id*. at ¶¶2-3.

---

[2] "The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record." *Himmelman v. MCI Communications*, 104 F. Supp. 2d 1, 3 (D.D.C. 2000).

Regardless of the legal bases of his claims, the underlying facts are the same.  He alleges that, on July 19, 2006, he was improperly disciplined when he was transferred to isolation and placed on commissary and phone restriction for 90 days based on "[a] falsified incident report and two false memorandums...." *Pl. Compl., Dkt. No. 1*, at ¶7; *Am. Compl., Dkt. No. 10*, ¶9.  The punishment arose out of an incident during unit rounds when it was discovered that Plaintiff had several books in his cell, including contraband material, that posed a safety and security concern, and maintained an unsanitary condition in the cell.[3]  *Id.; Pl. Compl., Dkt. 1*, Ex. E.  Specifically, it was discovered that Plaintiff's locker contained decomposing and malodorous food items.  *Id*.; *Exs*. F, G.  Plaintiff refused requests that he put the books away in the unit locker or his cell locker and, despite warnings about the unsanitary conditions, refused to clean out his locker.  *Id*.  Subsequently, Plaintiff was disciplined as indicated above.

On July 21, 2006, Plaintiff was given notice of a disciplinary hearing, which was held on August 8, 2006.  *Id. at Ex. N*.  The basis of Plaintiff's due process claim is that the allegations against him were contradicted by the statements of the individual officers involved in the incident.  For example, Plaintiff alleges that the statements by Counselor Gibbs and Case Manager Merendino, *pl. compl., dkt. no. 1*, ¶¶8-13, *Exs. F and G*, contradict the incident report.  *Id*., Ex. E.  Also, on one hand, Plaintiff denies having contraband material, *pl. compl., dkt. no. 1*, at ¶¶ 15, 16, yet he acknowledges that he received contraband material.  *Id*. at ¶17.

Despite his claim that the BOP "does not provide me with a space to offer my sacrifice, so I have my sanctuary in part of my locker", the contraband and unsanitary charges were upheld.

---

[3]     At the time of the incident, Plaintiff was housed in a handicap cell along with two other individuals, including a paraplegic.  *Pl. Compl., Dkt. 1*, Ex. E.

*Id*. *Ex. N.* On August 17, 2006, Plaintiff appealed this decision but it was upheld by the regional director on January 23, 2007, *id*. *at Ex. C* and by the Administrator of National Inmate Appeals on January 31, 2007. *Id. at Ex. D.*

In his RFRA complaint, though approved by the BOP to practice Ifa, *pl. compl., dkt. no. 1, Ex. A*, Plaintiff alleges that the BOP sought to "force [Ifa] into a religious category that is already established" within the prison system and "deny...many of the materials and accommodations necessary" to practice his religion. *Am. Compl., Dkt. No*. 10, ¶7. This is all that Plaintiff alleges in support of his claim that Defendant violated his First Amendment and Equal Protection rights. Plaintiff essentially realleges his original complaint in the balance of the complaint. *Id*. ¶¶9-19. Plaintiff drops his request for money damages but seeks injunctive and declaratory relief, *inter alia*, in the form of removal of the unlawful sanction related to the July 19, 2006, incident; provide Plaintiff's worship group with an outdoor worship area; an Ifa vegetarian diet; allow Ifa followers to wear two necklaces instead of the one permitted by BOP regulations etc.[4]

In his Motion for Summary Judgment in Response to Defendant's Opposition to Plaintiff's Motion to Supplement (his reply to Defendant opposition), Plaintiff opposes Defendant's original Motion to Dismiss. In other words, he attempts to avoid the sovereign immunity bar to his original *Bivens* action by attempting to present the same claim under RFRA. Accordingly, Defendant reasserts the arguments made in the original Motion to Dismiss, *dkt. no*. 7, and the opposition to Plaintiff's attempt to supplement his complaint. *Dkt. No. 12*.

---

[4] Plaintiff seeks the same relief in his Motion for a Standing Order. This submission addresses both motions.

As Defendant's referenced pleadings indicate, Plaintiff's attempt to maneuver around the sovereign immunity bar is futile. *Dkt. Nos*. 7, 12. Mandamus is an extraordinary remedy reserved for extraordinary situations; a party seeking mandamus has the burden to show a right to issuance of the writ is clear and indisputable. *See Gulfstream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271, 289 (1988). Briefly, a *Bivens* claim against the BOP is barred by the sovereign immunity doctrine. *See FDIC v. Meyer*, 510 U.S. 471 (1994). Similarly, Plaintiff's RFRA claims, as inadequately pled as they are, are barred because Plaintiff failed to exhaust his administrative remedies under the PLRA. *See* Declaration of James Schluter, attached to Defendant's Opposition, *Dkt. No.* 12, Ex. 1. He also fails to state a claim because his allegations are devoid of any facts establishing a violation of his rights under RFRA and the First Amendment. In essence, Plaintiff attempts to force his allegation of a due process violation through by attempting to plead same under RFRA or the First Amendment.

There has been no allegation that Defendant substantially burdened Plaintiff's religious practices or beliefs. Indeed, the record is contrary to Plaintiff's allegations. First, Defendant approved his request to practice Ifa religion. *Pl. Compl., Dkt. No. 1, Ex. A*. The BOP made attempts to accommodate Plaintiff's requests, including providing chapel time and enabling the purchase of Ifa literature, suggesting how to make sanitary offerings, etc. *Pl. Compl., Dkt. No. 1, Ex. D, E*. The record also reflects attempts by the Chaplaincy to invite speakers and contact Ifa priests. *Pl. Mot. for Summary Judgment in Response to Defendant's Opposition to Plaintiff's Motion to Supplement, Ex. E*.

Similarly, Plaintiff was afforded due process because he participated in a hearing to determine whether the sanction imposed for the contraband and unsanitary charge were proper

5

and even appealed the result of that hearing. It appears that he certainly had an opportunity to challenge, as he has attempted to do here, that he did not possess contraband and that he did not maintain an unsanitary condition in his cell. It is worth noting, though, that Plaintiff admits that he "was not aware that the technical manual [which he admitted belonged to him] was contraband." *Pl. Compl., Dkt. No. 1*, at ¶17.

Although Defendant maintains that dismissal is the only proper resolution of this matter, Defendant requests, in the alternative, that this matter be transferred to the Eastern District of Texas. A search of Nationwide PACER reveals that Plaintiff filed an action alleging that the BOP violated his First Amendment rights by refusing to allow him to use his committed and religious names in this District. *Poullard v. Lappin*, 05-1768. That action was transferred to the Eastern District of Texas where it was docketed as 07-0168. It has since been consolidated with a previously existing *Bivens* action captioned *Poullard v. Childress*, et al., 06-0082. Another action filed in this District, *Poullard v. BOP*, 07-825, was transferred to the Eastern District of Texas.

Relying on the arguments made in previous pleadings, specifically, *dkt nos. 7 and 12*, as well as supplemental arguments made here, Defendant respectfully requests that Plaintiff's complaint be dismissed or, in the alternative, transferred to the Eastern District of Texas.

Date: January 18, 2008                                 Respectfully submitted,

                                                                                                                    /s/_____
                                                                                                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                                                                                    United States Attorney

                                                                                                                    /s/_____
                                                                                                                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                                                                                    Assistant United States Attorney

    /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 22nd day of January, 2008, I caused service of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR A STANDING ORDER** to be made on the *pro se* plaintiff via first class mail:

    Ryan Poullard
    FCI Beaumont
    Reg. No. 06429-078
    P.O. Box 26020
    Beaumont, TX 77720-6020

    /s/ _____
    KENNETH ADEBONOJO
    Assistant United States Attorney