RECEIVED
FEB  4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ryan Poullard                          §
(Shangowande Ajanaa-Werepe),           §
                    Plaintiff,         §
                                       §
v.                                     §   Civil Action No. 07-836(JDB)
                                       §
FEDERAL BUREAU OF PRISONS,             §
                    Defendant.         §

**PLAINTIFF'S ANSWER TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
FOR A STANDING ORDER PURSUANT TO LCvR 7, 56.1**

Plaintiff pro se, Ryan Poullard (Shangowande Ajanaa-Werepe), respectfully submits this answer to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and for a Standing Order pursuant to LCvR 7, 56.1. Plaintiff would show the court the following:

**BACKGROUND**

Plaintiff's original pleading in this action was a Bivens claim for monetary damages. Because plaintiff is not a lawyer and was admittedly ignorant of the immunity issues raised in defendant's Motion to Dismiss, plaintiff filed his Motion Requesting Permission to Supplement (not amend as asserted by the defendant) Original Pleading in Response to Defendant's Motion to Dismiss. Pursuant to Fed. R. Civ. P. 15(d), "Permission may be granted" to supplement the original pleading "...even though the original pleading is defective in its statement of a claim for relief." This motion also informed the court of defendant's repeated denial of plaintiff's entry into the institution visiting room for wearing approved religious beads, the wearing of which is required for the practice of plaintiff's religion. Plaintiff included his administrative remedies as evidence in this supplemental pleading and refuted the Declaration of James Schluter as to the exhaustion of these remedies in his Motion for Summary Judgment in Response to Defendant's Opposition to Plaintiff's Motion to Supplement. See Pl. Mot. for

Summary Judgment at section IV, pages 9-13.

**ARGUMENT**

I. **Pursuant to LCvR 7, 56.1, plaintiff is obligated to controvert factual assertions made by the defendant to prevent them from being accepted by the Court as true.**

Defendant's Opposition to Plaintiff's Motion for Summary Judgment and for a Standing Order raises several factual assertions which are both untrue and unsupported by affidavit or other documentary evidence. First, defendant asserts that plaintiff has failed to exhaust his administrative remedies as required by PRLA and therefore has not properly stated a claim under RFRA. To support this assertion, defendant relies upon the Declaration of James Schluter. Dkt. No. 12, Ex. 1. Yet, as stated above plaintiff rebutted Schluter's declaration in his Motion for Summary Judgment in Response to Defendant's Opposition to Plaintiff's Motion to Supplement. See Pl. Mot. for Summary Judgment at section IV, pages 9-13. Plaintiff has also addressed this issue in his attached affidavit. See Exhibit A at ¶ 1. Second, defendant claims, inter alia, that on July 19, 2006, plaintiff refused to put away books and possessed decomposing and malodorous food items. These claims are utterly false and plaintiff controverts them in his affidavit. See Exhibit A at ¶ 2. Third, defendant alleges that plaintiff acknowledged in his complaint that he received contraband material. This allegation too is false, unsupported, and rebutted in plaintiff's affidavit. See Ex. A at ¶ 3. Fourth, defendant alludes to a writ of mandamus as if such a writ was requested by the plaintiff in one of his filings. Plaintiff did not, and does not seek mandamus. See Ex. A at ¶ 5.

Fifth, defendant also alludes to an allegation of a due process violation as if raised in plaintiff's supplemental pleading or a filing made thereafter. This claim is also utterly false. See Ex. A at ¶ 6. Sixth, defendant claims that the BOP purchased Ifa literature which suggested how to make sanitary offerings. Again, this claim is completely unfounded. See Ex. A at ¶ 7.

Seventh, defendant asserts that the record reflects attempts by chaplaincy to invite speakers and contact Ifa priests. This subtly implies that the Ifa faith group has free, immediate, and unhindered access to speakers and Ifa priests. The exact opposite is true. Chaplaincy has refused to permit the only available Ifa priest to enter the institution as a contractual representative. See Ex. A at ¶ 8. Finally, defendant asserts that Poullard v. BOP, 07-825, was transferred to the Eastern District of Texas. Absolutely untrue. See Ex. A at ¶ 9. Defendant's arguments, in toto, consist of eloquent rhetoric that does not enjoy the support of documentary evidence. Defendant's Motion to Dismiss should accordingly be denied.

II. **Plaintiff hereby invokes this Honorable Court's equity powers and requests that the Court accept his supplemental pleading prior to any possible transfer to the Eastern District of Texas.**

Equity powers can be invoked in aid of the court's exercise of jurisdiction. "An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts in equity...Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between public interest and private needs..." Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944). Such powers can be invoked in any matter over which the court clearly has jurisdiction, or in any ancillary matter, or in any case in which the court's jurisdiction is arguable and has not yet been decided. See Morrow v. District of Columbia, 417 F.2d 728, 739-70 (D.C. Cir. 1969).

Plaintiff in this action is not an attorney and the errors in his original pleading were due to an admitted lack of legal knowledge. However, the principles of equity would certainly be violated if a pro se plaintiff's mistake, which was promptly corrected, were to be used to dismiss legitimate claims that can only be remedied by this court's authority. Dismissal of plaintiff's action would be viewed by defendant's employees at plaintiff's place of incarceration

as a judicial sanctioning of their unlawful and discriminatory practices, and plaintiff's circumstances would end up being worse than they were before the filing of this action. Thus, the qualities of "mercy and practicality" would be trampled.

In regard to the possible transfer of plaintiff's action, this court is more familiar with the intimate details of this case and is therefore in a better position to rule on plaintiff's Motion Requesting Permission to Supplement Original Pleading in Response to Defendant's Motion to Dismiss. This being so, plaintiff respectfully requests that this court enter its order granting the plaintiff permission to supplement his original pleading and accepting his supplemental pleading prior to transfer, should this court decide that transfer to the Eastern District of Texas is warranted.

## CONCLUSION

For all of the foregoing reasons, plaintiff prays that defendant's Motion to Dismiss be denied. Plaintiff further prays that summary judgment be granted in his favor and, should this action be transferred, plaintiff requests that permission be granted him to supplement his original pleading and that his supplemental pleading be entered into the record as accepted prior to transfer.

Dated this 31st day of January, 2008.

Respectfully submitted,

Ryan Poullard
(Shangowande Ajanaa-Werepe)
Reg. # 06429-078
P.O. Box 26020
Beaumont, TX 77720

**Exhibit A**

## AFFIDAVIT

I, Ryan Poullard (Shangowande Ajanaa-Werepe), the undersigned affiant, hereinafter "affiant" do hereby solemnly swear, declare, and state as follows:

1. Affiant has exhausted all administrative remedies pertinent to the issues raised in Civil Action No. 07-836(JDB) by appealing to all appropriate levels of the Bureau of Prisons with the appropriate forms, having properly completed said forms with all requested identifying information and signature as required by BOP policy.

2. In the July 19, 2006, incident for which affiant was punished, affiant did not refuse to put books and other papers away as requested by staff. Affiant did, however, refuse to "clean out his locker" because affiant's religious offerings and items, none of which were decomposing, malodorous, contraband, or unsanitary, were, and to date still are, kept in affiant's locker. This "locker worship space" is the product of defendant's refusal to provide affiant's officially approved outdoor worship space which would meet the religious needs that affiant is currently being forced to meet on his own via his locker. Defendant's denial of this required outdoor worship space substantially burdens affiant's exercise of his religion and the general practice of Ifa in the Bureau of Prisons.

3. The Technical Reference Manual for Religious Beliefs and Practices, which the defendant alleged to be contraband, was received by the affiant through standard institution mail. This manual was handed to the affiant in a mail piece by an employee of the defendant at mail call after having been inspected for contraband by the defendant. Because this manual was received from staff at mail call after being inspected for contraband, affiant believed said manual to be authorized material for his continued possession.

4. Ifa, affiant's religion, is not a standardized, monotheism-based

(one focus for worship) religion; it is a unity-based religion. The practice of Ifa requires adherents to strive for unity, balance, and harmony with the many energies and/or attributes of Olodumare (God). Tradition has personified these energies and they are known as Orisha and Irunmale. To connect with, or unify onself with a particular Orisha, adherents wear that Orisha's ileke or beaded religious necklace. With Orunmila, one of the Irunmale, the ide or beaded religious bracelet is worn to attain this connection and to avert the premature death of the wearer. Ide's are also worn for various Orisha. It is impossible to practice the Ifa religion in a standardized, monotheism-based (one focus for worship) manner. Defendant in this action has, and continues to force Ifa believers to worship in a monotheistic fashion, by only permitting adherents of Ifa, affiant included, to wear one beaded religious necklace at a time. Defendant also refuses to permit the authorized and unhindered wearing of ide's. Defendant's denial of permission to wear multiple religious Ifa necklaces and ide's throughout the institution substantially burdens affiants exercise of his religion and the general practice of Ifa in the Bureau of Prisons.

5. Affiant did not, in neither his original pleading nor his supplemental pleading, request this court to issue a writ of mandamus.

6. Affiant's supplemental pleading did not raise any due process claims.

7. The Ifa literature purchased by the defendant in this action does not suggest, in any fashion whatsoever, "how to make sanitary offerings." However, said literature does clearly indicate that affiant's religion requires all of the materials and accommodations that the defendant has refused to provide. These materials and accommodations are listed in the Relief Requested section of affiant's supplemental pleading. Defendant's denial of these materials and accommodations substantially burdens affiant's exercise of his religion and the general practice of Ifa in the Bureau of Prisons.

8. For at least one year the defendant in this action has refused to permit Babalawo Ifakorede Awoyefa, the only available and willing Ifa priest in the vicinity of affiant's place of incarceration, to enter the institution as the Ifa faith group's contractual representative. Affiant and all active members of the Ifa faith group wish to have Awoyefa as the Ifa contractual representative and have repeatedly expressed these wishes through affiant's requests to Chaplaincy and SIS staff. Nevertheless, the defendant in this action has continually refused to permit Awoyefa to enter the institution and lead Ifa services and ceremonies. Defendant's denial of Awoyefa's contractual representative status substantially burdens affiant's exercise of his religion and the general practice of Ifa in the Bureau of Prisons.

9. Poullard v. Lappin, 05-1768 was the only action originally filed by the affiant in the District of Columbia and subsequently transferred to the Eastern District of Texas. Poullard v. BOP, 07-825 was not transferred to the Eastern District of Texas and no such case was ever docketed in the District Court for the Eastern District of Texas. To affiant's understanding, an action is not "transferred" unless it is docketed in the district to which transfer was ordered.

Further the undersigned sayeth naught.

I solemnly swear under penalty of perjury, 28 U.S.C. § 1746, that to the best of my knowledge the foregoing "Affidavit" is true and correct, except as to those matters upon which I rely on information and belief, and as to those matters, I do believe them to be true.

Executed on this 31st day of January, 2008.

_____
Ryan Poullard
(Shangowande Ajanaa-Werepe)

-3-

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January 2008, I caused service of the foregoing **Answer to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and for a Standing Order** to be made to the following addresses via first class mail:

Kenneth Adebonojo
Assistant U.S. Attorney
555 Fourth Street, N.W., Room E-4210
Washington, D.C. 20530

Clerk's Office
United States District Court
for the District of Columbia
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

Ryan Poullard
(Shangowande Ajanaa-Werepe)