UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN POULLARD,[1]

    Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 07-0836 (JDB)

## MEMORANDUM OPINION

For the reasons stated below, the Court will transfer this action to the United States District Court for the Eastern District of Texas.

### I. BACKGROUND

Plaintiff currently is serving a prison sentence in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Beaumont, Texas ("FCI Beaumont"). *See* Compl. ¶ 4. He is a member of the Ifa faith group. *See id.* ¶ 6 & Ex. A (September 24, 2004 letter approving plaintiff's request to introduce Ifa at FCI Beaumont).

The Court has reviewed plaintiff's Complaint and Amended Complaint, keeping in mind that pleadings prepared by a *pro se* litigant are held to a less stringent standard than is applied to

---

[1] Plaintiff also is known as Shangowande Orunmila, Compl. ¶ 4, and as Shankowande Ajanaa-Werepe. Amd. Compl. ¶ 5.

formal pleadings drafted by a lawyer.[2]  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999).  The Court may, and does, consider both his pleadings in order to understand the nature and basis of plaintiff's claims.  *See Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002) (citing *Richardson*, 193 F.3d at 548).  Taken together, the Court construes plaintiff's pleadings as alleging violations of: (1) his right to the free exercise of his religion, (2) his right to equal protection of the laws, and (3) the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq*.  Compl. ¶¶ 1, 6, 23; Amd. Compl. ¶¶ 1, 8, 20.  The sole defendant is the BOP.

Plaintiff alleges that the BOP "insolently 'renamed' plaintiff's religion in an attempt to force it into a religious category that is already established within the federal prison system." Compl. ¶ 6.  In this way, the BOP allegedly denies plaintiff and other members of the Ifa faith group "many of the materials and accommodations necessary for the practice of their approved religious beliefs."  Amd. Compl. ¶ 7.  According to plaintiff, the BOP uses the terms "Yoruba/Santeria, General Yoruban Program, Yoruba/Ifa, and Yoruba" instead of "Ifa" alone, and thus "has treated plaintiff's religion with disgust and disdain."  Compl. ¶ 6.  "This ongoing disparag[e]ment" of the Ifa religion, plaintiff alleges, "violates his constitutionally protected religious freedoms and it evidences a campaign of religious discrimination on the part of the defendant."  *Id.*

---

[2]  Before the Court is plaintiff's Motion Requesting Permission to Supplement Original Pleading In Response To Defendant's Motion to Dismiss (Pl.'s Mot. to Supplement").  As is explained below, this proposed "supplemental pleading," with exhibits attached thereto, has been deemed plaintiff's Amended Complaint ("Amd. Compl.").

Both the Complaint and Amended Complaint describe an incident which occurred on July 19, 2006 and resulted in a Disciplinary Hearing Officer ("DHO") Report and disciplinary sanctions. FCI Beaumont staff found so many books and personal papers of plaintiff's in the cell he shared with two other inmates that staff directed him "to move all his personal papers and books to the units [sic] center storage." *Id.*, Ex. E (Incident Report No. 1491830 dated July 20, 2006). Plaintiff responded that "he needed to have all this [sic] items in his cell due to his ongoing legal battle with the BOP and that all his books were all religious materials" *Id.* Plaintiff claimed that he did not have sufficient space in his locker to store his books and papers because he used his locker for religious offerings. *See id.*, Ex. F-G (memoranda supporting Incident Report). Staff opened plaintiff's locker, noticed a "foul smell" emanating from the locker, and inside "discovered several food items that were in decomposing state," *id.*, Ex. E, which evidently were plaintiff's "religious food offerings." *Id.* When plaintiff refused to clean his area and store his books and papers in his locker as directed, staff escorted him to the Special Housing Unit. *See id.*, Ex. E-G.

The July 19, 2006 incident apparently is but one example of the BOP's alleged "disrespect" for plaintiff's Ifa faith. For instance, plaintiff alleges that Ifa followers must wear Ides (beaded bracelets) and Ilekes (beaded necklaces) at all times. Plaintiff's Motion Requesting Permission To Supplement Original Pleading In Response To Defendant's Motion to Dismiss ("Pl.'s Mot. to Supplement") at 2. He states that BOP does not provide these items, forcing plaintiff and others to make their own Ides and Ilekes "[u]sing hobby craft beading materials." *Id.* Plaintiff alleges that he was denied a visit with his father on July 23, 2007 because he refused to remove his religious beads, *see id.* at 3-4, and that he was denied a visit with his sister on

August 7, 2007 because plaintiff refused to remove one of the two sets of beaded necklaces he wore. Plaintiff's Motion Requesting A Standing Order From The Court at 1-2. Further, he alleges that the BOP has denied him religious materials, outdoor worship space, and other accommodations (such as a designated locker for storing religious supplies and literature) for the practice of his faith. *See, e.g.,* Pl.'s Mot. to Supplement, Ex. (Remedy ID # 354786-F1 and attachments).

As a result of the BOP's actions, plaintiff alleges that he has "lost his natural rest and sleep, suffered pain and emotional trauma, depression, humiliation, anxiety and apprehension, and was made to feel that his sincerely held religious beliefs were inferior to the religious beliefs of others." Compl. ¶ 21. For defendant's alleged disparagement of plaintiff's religion and the "wrongful additional punishment [imposed] on the plaintiff without due process," *id.* ¶ 23, plaintiff demands damages of $22 million. *Id*. ¶ 24. In addition, plaintiff seeks injunctive relief to include certain accommodations for his religious practice. Amd. Compl. ¶ 21.

## II.  DISCUSSION

### A. Plaintiff's Motion to Supplement

Plaintiff moves for leave to file a supplemental pleading. *See* Pl.'s Mot. to Supplement. In the Court's discretion, *see* Banks v. York, 448 F. Supp. 2d 213, 214 (D.D.C. 2006), a party may file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Leave to file a supplemental pleading should be "freely granted . . . where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay of trial [or] inconvenience and will not prejudice the rights of any other party." *Wells v.*

*Harris*, 185 F.R.D. 128, 132 (D. Conn. 1999) (citations omitted). Such a filing may be allowed "even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).

It appears that plaintiff intends to supplement his complaint by alleging facts pertaining to an incident on July 23, 2007 when staff at FCI Beaumont denied him a visit with his father because plaintiff refused to remove the religious beads worn by Ifa followers. Pl.'s Mot. to Supplement at 3-4. However, plaintiff's proposed supplemental pleading merely sets forth allegations pertaining to the July 19, 2006 incident which are substantially similar to those set forth in the original Complaint. *See* Compl. ¶¶ 7-17; Amd. Compl. ¶¶ 9-19. The main differences between the two pleadings are plaintiff's newfound reliance on the Administrative Procedure Act, *see* 5 U.S.C. § 702, as a basis for this Court's jurisdiction and the inclusion of a claim under RFRA. *See* Amd. Compl. ¶¶ 1-2, 20. Plaintiff states that "his original pleading is in fact defective in its statement of a claim for relief," and submits the supplemental pleading to "correct[] these errors."[3] Pl.'s Mot. to Supplement at 4.

Because plaintiff's proposed supplemental pleading itself does not allege facts pertaining to occurrences or events taking place after the date of the original Complaint, the Court does not consider it truly to be a supplemental complaint. Rather, the Court construes the proposed pleading as an amended complaint presenting alternative bases for relief. Accordingly, the Court

---

[3] With this statement, plaintiff appears to address BOP's argument that sovereign immunity bars his demand for monetary damages by adding demands for declaratory and injunctive relief that may be granted if he were to prevail on his constitutional or RFRA claims.

construes plaintiff's motion for leave to file a supplemental pleading as a motion to amend his complaint and will grant the motion.[4]

### B. Venue and Transfer to the Eastern District of Texas

Defendant moves to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure on the ground that venue is improper.  *See* Def.'s Mot. to Dismiss at 6-7.  The Court declines to dismiss this action, and instead will grant the BOP's alternative motion to transfer this action to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).[5]  *See* Def.'s Opp'n to Pl.'s Mot. to Amend/Supplement at 15-16.

"Courts in this jurisdiction must examine challenges to [] venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).  A civil action against a federal government agency "may be brought in any judicial district in which (1) a defendant in the action  resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e).  Under these criteria, venue in this district is not proper.  A substantial part of the events or omissions giving

---

[4]  Indeed, a plaintiff has an "absolute right to amend [his] complaint once at any time before the defendant has filed a responsive pleading." *James V. Hurson Assoc., Inc. v. Glickman*, 229 F.3d 233, 282-83 (D.C. Cir. 2000).

[5]  Plaintiff did not oppose defendant's motion to dismiss this action for improper venue.  However, he did "request[] that this court enter its order granting the plaintiff permission to supplement his original pleading and accepting his supplemental pleading prior to transfer, should this court decide that transfer to the Eastern District of Texas is warranted." Plaintiff's Answer to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and for a Standing Order Pursuant to LCvR 7, 56.1 at 4.

rise to plaintiff's claims occurred at FCI Beaumont where plaintiff currently is incarcerated. This civil action may be brought in the Eastern District of Texas.

"Many, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." *Starnes v. McGuire*, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc). Given the likelihood that witnesses and relevant evidence are maintained at FCI Beaumont, and given the difficulty of transferring an incarcerated plaintiff for purposes of pursuing litigation, the Court concludes that transfer of this action to the United States District Court for the Eastern District of Texas is both convenient for the parties and in the interest of justice. *See Starnes*, 512 F.2d at 930-31; *Stern v. Fed. Bureau of Prisons*, No. 07-cv-00564, 2007 WL 1555830, at *2 (D.D.C. Mar. 22, 2007) (federal prisoner's case challenging the validity of BOP's Inmate Financial Responsibility Program transferred to the district where the prisoner was incarcerated and where all the events that gave rise to the action occurred); *Rogers v. Fed. Bureau of Prisons*, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (transferring under 28 U.S.C. § 1404(a) to the district where petitioner was incarcerated a petition for mandamus or declaratory judgment seeking resolution of issues not related to the District of Columbia).

III.  CONCLUSION

The Court will transfer this action to the United States District Court for the Eastern District of Texas.  With the exception of plaintiff's "Motion Requesting Permission to Supplement Original Pleading In Response To Defendant's Motion to Dismiss," all pending motions will be denied without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

/s/
JOHN D. BATES
United States District Judge

Date:  March 6, 2008